■ ESTHER G. ELLIOTT, Appellant, v JOSEPH J. FAY, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered November 28, 1983 in Rensselaer County, upon a verdict rendered at Trial Term (Bradley, J.).

The action is in malpractice. Plaintiff seeks damages from an orthopedic surgeon for alleged improper diagnosis resulting in

unnecessary surgery which caused a permanent disability to her left foot. On this appeal, she contends that a verdict of no cause for action is against the weight of the evidence, and, in addition, that the trial court committed reversible error in its instruction to the jury as to the test it should apply in any determination of liability for injury and damages.

After charging the jury on the general rules with respect to the law of malpractice, including negligence and proximate cause, the trial court, turning to the specific matter before it, stated: "Now the whole claim here turns about the surgery. Now if you find that Dr. Fay performed an unnecessary operation, you may find that he committed malpractice". The court thereafter stated: "If you find that the surgery was necessary, you must find for Dr. Fay".

Plaintiff objected to the charge and requested the court to instruct the jury that the issue was "whether or not the defendant employed those standard and accepted procedures in treating the patient of which surgery may or may not have been an applicable mode of treatment", and that if the operation was found to be unnecessary, the jury *must* find for plaintiff. The court declined to so charge.

Five expert medical witnesses testified at trial and only one unequivocally stated that he believed the surgery to plaintiff's foot was unnecessary and a competent producing cause of plaintiff's injury. Others felt that conservative treatment was indicated as a first step, or that surgery was proper and successfully performed. They did not state that the performance of surgery was a negligent act. Moreover, they attributed plaintiff's present condition to factors not resulting from the surgery. Significantly, none of the expert witnesses testified with respect to whether a proper surgical procedure was employed by defendant, or that he breached any standard of care with respect to the procedure he chose to employ. Thus, as indicated by the trial court in its charge, the issue to be resolved was whether the surgery performed was necessary or unnecessary. This was the gravamen of the cause of action set forth in the complaint and the thrust of the argument on behalf of plaintiff in summation. Therefore, a charge requiring the jury to find for defendant if they determined the operation necessary was a proper one, since there was no expert testimony to support any alternative theory of malpractice (see *Morgan v State of New York,* 40 AD2d 891, affd 34 NY2d 709, cert den 419 US 1013). Moreover, the charge that the jury *may* find for plaintiff if it found the operation was unnecessary correctly states the law, for any finding of liability against defendant for malpractice would require a determination that defendant was negligent in performing an unnecessary

operation and, additionally, that his negligence was a proximate cause of plaintiff's injury (*Nicholas v Reason,* 84 AD2d 915; *Kimball v Scors,* 59 AD2d 984, mot for lv to app den 43 NY2d 648). In our view, there was ample evidence to support the verdict of the jury which, by its verdict, concluded that either the surgery was necessary or was not a proximate cause of plaintiff's injury.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.