■ Conor Quinn et al., Appellants-Respondents, v Fisher Development, Inc., Respondent-Appellant and Third-Party Plaintiff-Appellant. F.M.G. Construction, Inc., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [708 NYS2d 68] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 6, 1999, which denied plaintiffs' motion for partial summary judgment upon their Labor Law § 240 (1) claim, granted the cross motions of defendant Fisher Development, Inc. and third-party defendant F.M.G. Construction, Inc. to the extent that such cross motions sought dismissal of the Labor Law § 240 (1) claim, denied Fisher's cross motion to the extent that such cross motion sought summary judgment upon Fisher's third-party claim for contractual indemnification and granted F.M.G.'s cross motion to the extent that such cross motion sought summary judgment dismissing the third-party action, unanimously modified, on the law, to grant plaintiffs partial summary judgment on their Labor Law § 240 (1) claim, deny the cross motions of defendant Fisher Development, Inc. and third-party defendant F.M.G. Construction, Inc. insofar as such cross motions sought summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim, and deny that branch of third-party defendant F.M.G. Construction, Inc.'s cross motion for summary judgment dismissing the third-party action, and otherwise affirmed, without costs.

Plaintiff, a union carpenter, was injured when he fell approximately six feet off a scaffold with no guardrails or safety belts. At the time of his fall, plaintiff, in connection with an extensive store renovation, was removing a two-to-three hundred pound sign. Contrary to the motion court's finding, plaintiff's work qualified plaintiff for Labor Law § 240 (1) protection since it was not routine maintenance but constituted an "alteration" or "repair" of a building or structure resulting in "a significant physical change" thereto (*Joblon v Solow*, 91 NY2d 457, 465; *Weininger v Hagedorn & Co.*, 91 NY2d 958; *Catoliàto v Sam's Club*, 254 AD2d 62, *lv dismissed* 93 NY2d 888) and bore the requisite relation to the over-all renovation (*see*, *Lombardi v Stout*, 80 NY2d 290, 295-296; *Binetti v MK W. St. Co.*, 239 AD2d 214).

In light of the circumstance that the contract between third-party plaintiff Fisher and its subcontractor, third-party defendant F.M.G., was fully performed prior to its execution (*see*, *e.g.*, *Newburger v American Sur. Co.*, 242 NY 134; *Costello Assocs. v Standard Metals Corp.*, 99 AD2d 227, 231, *appeal dismissed* 62 NY2d 942), there are questions of fact as to whether the parties intended the contract's indemnification provision to have retroactive effect (*see*, *Sweeting v Board of Coop. Educ. Servs.*, 83 AD2d 103, 111-112, *lv denied* 56 NY2d 503). Accordingly, the motion court erred in granting summary judgment dismissing the third-party action for contractual indemnification on the ground that the indemnification provision should not be retroactively applied. In addition, issues of fact respecting whether Fisher supervised, directed, or otherwise controlled plaintiff's work at the time of his injury preclude summary judgment in Fisher's favor upon its third-party indemnity claim. Concur—Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.