(September 23, 2003)

■ Meghan Robertson et al., Appellants, v Stuart Greenstein, M.D., et al., Respondents. [764 NYS2d 413] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered October 1, 2001, upon an order, same court and Justice, entered July 12, 2001, which granted defendants' motion pursuant to CPLR 4404 to set aside the jury's verdict and granted judgment in favor of defendants dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the judgment vacated, defendants'

motion denied, the jury's verdict reinstated and the matter remanded for entry of judgment in favor of plaintiffs.

The trial court improperly granted defendants' motion to set aside the jury's verdict in plaintiffs' favor in this medical malpractice action, since plaintiffs' medical expert had the requisite knowledge and was not required to have practiced the same specialty as defendant surgeon (*Fuller v Preis*, 35 NY2d 425, 431 [1974]; *Joswick v Lenox Hill Hosp.*, 161 AD2d 352, 355 [1990]).

In order to reach the evident merits of plaintiffs' appeal, however, we are required to resolve the procedural hurdle created by the filing of a notice of appeal from an order but not from the final judgment incorporating that order. Defendants correctly argue that CPLR 5501 (c) does not provide us with the authority to deem the notice of appeal plaintiffs filed from the court's decision on the motion to set aside the jury's verdict as a notice of appeal from the subsequent judgment, since such motion is neither a motion for summary judgment nor a motion addressed to the pleadings (*see Atlantic Mut. Ins. Co. v Morris Goldman Real Estate Corp.*, 291 AD2d 249 [2002]).

In *Atlantic Mut. Ins. v Goldman Real Estate Corp.*, we expressly rejected the argument that the "motion to set aside the verdict was in certain respects 'addressed to the pleadings' within the meaning of CPLR 5501 (c)." (*Id.*) The amendment to CPLR 5501 (c) on which plaintiffs rely was intended to address a specific decision of the Court of Appeals (*Matter of Aho*, 39 NY2d 241 [1976]) and we are not free to select alternative wording, even if it would solve the procedural problem in this case, but must apply the text actually passed by the Legislature.

CPLR 5520 (c), however, grants this Court the discretion to deem certain premature or inaccurate notices of appeal as valid and provides us with the specific authority to correct the procedural problem created here by plaintiffs' appeal of the order and not the judgment (*Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 277 AD2d 782, 783 [2000], *lv denied* 96 NY2d 708 [2001]). CPLR 5520 (c) is the proper device for addressing the procedural issue presented here (*see Robinson v City of New York*, 300 AD2d 384 [2d Dept 2002]; *Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 277 AD2d 782 [3d Dept 2000], *lv denied* 96 NY2d 708 [2001]; *Cowley v Kahn*, 298 AD2d 917 [4th Dept 2002]), and the instant case clearly warrants the exercise of our discretion.

Here, the relief granted in the final judgment was identical to that granted in the decision and order which the plaintiffs

appealed and review would clearly be in the interests of justice. Although in *Atlantic Mut. Ins. (supra)* we dismissed the appeal from the order denying the motion to set aside the jury verdict on the ground that the right to appeal therefrom terminated upon entry of the subsequent judgment, we were not asked to consider CPLR 5520 (c), but only CPLR 5501 (c), and therefore utilizing CPLR 5520 (c) in the instant case would not be inconsistent. Concur—Buckley, P.J., Mazzarelli, Andrias and Marlow, JJ.