■ Michael Podhaskie et al., Plaintiffs, v Seventh Chelsea Associates et al., Defendants and Third-Party Plaintiffs-Appellants. Regional Scaffolding & Hoisting Company, Inc., Third-Party Defendant-Respondent. [770 NYS2d 332]—

Judgment, Supreme Court, New York County, entered February 14, 2003, which, upon orders entered May 31, 2002 and on or about February 14, 2003, granted the cross motion of third-party defendant Regional Scaffolding & Hoisting Company, Inc. for summary judgment dismissing the third-party complaint seeking contractual indemnity and all cross claims asserted against it, unanimously reversed, on the law, without costs, the motion denied, and the third-party complaint and all cross claims reinstated. Notice of appeal from order entered on or about February 14, 2003 deemed to be timely notice of appeal from the judgment. Appeal from the aforesaid order of May 31, 2002 unanimously dismissed, without costs.

At the outset, we note that CPLR 5520 (c) "grants this Court the discretion to deem certain premature or inaccurate notices of appeal as valid and provides us with the specific authority to correct the procedural problem created here by [third-party] plaintiffs' appeal of the order and not the judgment" (*Robertson*

*v Greenstein*, 308 AD2d 381, 382 [2003] [citations omitted]). This case clearly warrants the exercise of our discretion.

In March 1997, third-party plaintiff Seventh Chelsea Associates (the Owner) owned certain premises located at 160 W. 24th Street in Manhattan. Third-party plaintiff HRH Construction Corporation (HRH) was employed as construction manager of the Chelsea Expansion Project (the Project), which consisted of adding a multistory addition to the Owner's premises. Plaintiff, a carpenter, was employed by third-party defendant Regional Scaffolding & Hoisting Company, Inc. (Regional). On March 4, 1997, plaintiff was installing scaffolding on the Project when he fell and was injured. Consequently, plaintiff and his wife commenced an action against the Owner and the construction manager (hereinafter appellants) for, inter alia, personal injuries pursuant to the Labor Law. Appellants in turn commenced a third-party action against Regional for contractual indemnification.

Appellants moved for summary judgment dismissing the complaint and for a declaratory judgment that they were entitled to full contractual indemnification from Regional. Regional cross-moved to dismiss the third-party complaint under Workers' Compensation Law § 11. Because plaintiff did not suffer a "grave injury" as specifically defined by the Workers' Compensation Law, appellants must show that their claim for indemnification is "based upon a provision in a written contract entered into prior to the accident or occurrence" (*see* Workers' Compensation Law § 11). If not, the claim against Regional would ordinarily be barred. The motion court, inter alia, granted the cross motion and dismissed the third-party complaint on the ground that appellants did not establish that there was an existing contract providing for indemnity at the time of the accident.

We reverse. Indemnity contracts must be viewed with reference to the purpose of the entire agreement and the surrounding facts and circumstances (*see Szalkowski v Asbestospray Corp.*, 259 AD2d 867, 869 [1999]). Although Workers' Compensation Law § 11 refers to an indemnification clause in a written contract "entered into prior to the accident or occurrence," case law supports appellants' contention that such a clause in a contract executed *after* a plaintiff's accident may nevertheless be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work "was made 'as of' [a pre-accident date], and that the parties intended that it apply as of that date" (*Stabile v Viener*, 291 AD2d 395, 396 [2002], *lv dismissed* 98 NY2d 727 [2002]; *cf.*

*Burke v Fisher Sixth Ave. Co.*, 287 AD2d 410 [2001] [since there was nothing about contracts to suggest they were intended to have retroactive effect, summary judgment dismissing the third-party complaint was properly granted]).

In support, appellants submitted, inter alia, Regional's bid proposal to HRH's subcontractor Annex Contracting Company (Annex) to erect the scaffolding for the project, dated December 13, 1996, a certificate of insurance to be issued on January 29, 1997, which named both the owner and the construction manager as additional insureds on its general liability policy, and a formal contract entered into on March 25, 1997 between Regional and Annex. The bid proposal states in relevant part that "[w]ith respect to any hoist, scaffold work furnished here-under, the Contract Term shall commence on that date that the hoist has been installed, drop tested by Regional and certified for use by the appropriate authority having jurisdiction over the work. As to any other materials or equipment furnished here-under, Contract Term shall commence on the date that Regional begins installation of the work provided."

Specifically, the contract of March 25, 1997 requires, inter alia, that "[a]ll the Contract Documents shall be read together as complementary and the rights and obligations thereunder shall be deemed cumulative" (§ 4.1 [b]). It also provides that "[i]n the event of a conflict between the various contract documents, the following order of priority shall prevail: (a) the riders hereto; Scaffolding Language Rider, [Regional's bid] proposal dated 12/13/96 (b) this agreement (c) Drawings and Specifications . . ." (§ 4.2). This contract also contains an indemnification clause in favor of the owner and construction manager (§ 12.2). The Scaffolding Language Rider of the contract requires Regional to provide "an executed endorsement to the comprehensive general liability insurance policy . . . evidencing that the Owner [and] HRH Construction . . . are additional insureds."

We find that appellants have raised an issue of fact as to whether Regional's bid proposal, together with the certificate of insurance, and the contract entered into on March 25, 1997 between Regional and Annex, demonstrated Regional's intent to indemnify and hold appellants harmless for the entire period of Regional's work on the project and not just from the date the contracts were entered into (*see Quinn v Fisher Dev.*, 272 AD2d 106 [2000]; *Sweeting v Board of Coop. Educ. Servs.*, 83 AD2d 103, 111-112 [1981], *lv denied* 56 NY2d 503 [1982]).

In addition, other documents entered into between the parties raise a question of fact as to when Regional intended to

commence coverage. When Annex left the job, HRH assumed responsibility for the Annex-Regional contract, and on October 8, 1997, HRH and Regional entered into an "Interim Indemnity and Hold Harmless Agreement." According to Regional, this interim agreement was entered into to indemnify HRH until a contract was issued. The interim agreement was superceded by a contract between HRH and Regional, entered into as of December 12, 1997 (but executed eight months later), which mirrored the Annex-Regional contract. This contract also included an indemnification clause in favor of appellants and required Regional to name them as additional insureds on its general liability policy. We note that because this contract appears to have no date limitations regarding the applicability of the indemnity provisions—when the parties could have easily so provided—we find an issue of fact exists as to the parties' intention in this regard. Consequently, because the parties executed the contract after they fully performed it, appellants have raised a question of fact "as to whether the parties intended the contract's indemnification provision to have retroactive effect" (*see Quinn*, 272 AD2d at 107). Moreover, neither side cites any authority which would dictate a result where, as here, the accident predates both the contract date and the date of its execution, and also where it is a genuine fact issue whether the parties intended coverage retroactively to the date the work began. Clearly, Regional did not enter into these various documents gratuitously. Rather, Regional took these steps anticipating it would sign a contract with appellants that would cover the challenged time period. Therefore, we find issues of fact exist which preclude summary dismissal of the third-party complaint. Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.