■ ROBERT BENFER, Respondent, v BARTON SACHS et al., Appellants, et al., Defendant. [771 NYS2d 559]—

Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered November 27, 2002 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this medical malpractice action to recover damages for negligent treatment and lack of informed consent. Defendants moved for summary judgment dismissing the complaint on the ground that defendants neither deviated from accepted standards of care nor caused any of the injuries alleged by plaintiff. Defendants also cite documents in the record to demonstrate that plaintiff was fully informed regarding the nature and risks of the surgery. Finding questions of fact as to plaintiff's claims, Supreme Court denied defendants' motion. Defendants appeal.

Initially, while we agree with defendants that they made a prima facie showing of entitlement to summary judgment, we cannot agree that plaintiff's experts are unqualified to offer their opinions as to the applicable standard of care or defendants' deviation from that standard. There is no requirement that plaintiff's expert, an orthopedic surgeon like defendant Barton Sachs, have the same specialty within orthopedic surgery as Sachs in order to opine about the applicable standard of care (*see Robertson v Greenstein*, 308 AD2d 381, 382 [2003]; *Payant v Imobersteg*, 256 AD2d 702, 704 [1998]). Also, plaintiff offered the opinion of a board-certified radiologist solely to dispute the interpretation of postoperative radiological images by defendants' expert. Given the conflicting expert opinions as to plaintiff's claim of negligent treatment, Supreme Court properly denied that branch of defendants' motion for summary judgment (*see Clark v Medical Coll. Physicians Group*, 244 AD2d 599, 600 [1997]; *Wahila v Kerr*, 204 AD2d 935, 937 [1994]; *Nandy v Albany Med. Ctr. Hosp.*, 155 AD2d 833, 834 [1989]).

As to plaintiff's claim of a lack of informed consent, however, summary judgment was improperly denied. To establish such a

claim, plaintiff must prove that, among other things, "the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment" (*Foote v Rajadhyax*, 268 AD2d 745, 745 [2000]; *see* Public Health Law § 2805-d). Despite defendants' showing of informed consent through extensive documentary evidence, plaintiff submitted his expert's conclusory view that Sachs failed to fully explain his diagnosis and available alternatives. On appeal, plaintiff argues that his prima facie case of lack of informed consent is based upon his expert's opinion that the surgical procedure was unnecessary. In our view, however, the expert's opinion that the procedure was not medically indicated merely provides further evidence of negligent treatment and does not support a separate claim for lack of informed consent (*see Parese v Shankman*, 300 AD2d 1087, 1088 [2002]; *Elliott v Fay*, 105 AD2d 512, 513 [1984]). Accordingly, defendants' motion should have been granted to the extent that it sought summary judgment dismissing the claim based on lack of informed consent.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the cause of action based on lack of informed consent; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.