(May 26, 2005)

■ GEORGE TEMMEL et al., Plaintiffs, v 1515 BROADWAY ASSOCIATES, L.P., Defendant, and VIACOM, INC., Defendant and Third-Party Plaintiff-Appellant. WILLIAMS TELECOMMUNICATIONS SYSTEMS, INC., Third-Party Defendant-Respondent. [795 NYS2d 234]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered February 5, 2004, dismissing Viacom, Inc.'s third-party complaint with prejudice, and bringing up for review the order of the same court and Justice, entered May 20, 2003, which denied Viacom's cross motion for summary judgment against third-party defendant Williams Telecommunications Systems (Wiltel) for contractual indemnification, affirmed, without costs. Order, same court and Justice, entered January 15, 2004, which, to the extent appealed from, denied Viacom's motion to vacate Wiltel's notice of settlement of the foregoing judgment, affirmed, without costs.

In this personal injury action, plaintiff, a Wiltel employee who was injured on June 24, 1995 while working at Viacom's premises, was granted partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim against Viacom and the other named defendants. Viacom contends that the motion court erroneously denied it contractual indemnification. In support of such claim, Viacom relies upon a so-called "Bid Document" which consisted of Wiltel's June 9, 1995 response to Viacom's June 5, 1995 request for proposal for installation of a voice and data cabling system at its offices on the 22nd floor of 1515 Broadway in Manhattan, which response makes no reference to indemnification, and a purchase order from Lehr Construction, Inc. to Wiltel, dated July 28, 1995, more than a month after plaintiff's accident, which included an attachment in which Wiltel agreed to indemnify Viacom for any claims arising from its work.

It is undisputed that after Wiltel submitted its response to Viacom's request for proposal no contract was ever entered into between Viacom and Wiltel. Viacom apparently decided to act through its general contractor Lehr Construction, Inc. and advised Wiltel that it wished Wiltel to do the work pursuant to a subcontract with Lehr.

We agree with the motion court's findings, in its May 20, 2003 order denying Viacom's motion for summary judgment on its contractual indemnification claim, that Viacom failed to produce any document that reflects Wiltel's agreement to indemnify it from work-related claims on the day of plaintiff's accident. We also agree that while the subsequent purchase order from Lehr to Wiltel does contain such a provision, it is dated more than one month after plaintiff's accident and is devoid of any language demonstrating an intention by the parties that it be retroactively applied. Therefore, as held by the motion court, in the absence of any explicit agreement by Wiltel prior to the July

28 purchase order that it would indemnify or hold Viacom harmless, no basis for contractual indemnification could be found on the day of plaintiff's accident (*see Rosado v Proctor & Schwartz,* 66 NY2d 21, 27 [1985]). Unlike *Podhaskie v Seventh Chelsea Assoc.* (3 AD3d 361 [2004]) and the cases cited therein, there is no evidence in this record that establishes as a matter of law that the July 28 purchase order between Lehr and Wiltel pertaining to Wiltel's subcontracting work "was made 'as of' [a pre-accident date], and that the parties intended that it apply as of that date" (*id.* at 362 [some internal quotation marks omitted]; *see Burke v Fisher Sixth Ave. Co.,* 287 AD2d 410 [2001]).

Finally, although Wiltel, whose previous motion for summary judgment had been denied, did not again cross-move for summary judgment dismissing the third-party complaint, given the court's subsequent denial of Viacom's motion for such relief and its finding of no merit to Viacom's claim for contractual indemnification, it was not inappropriate for Wiltel to settle a judgment dismissing the demonstrably meritless third-party complaint. Concur—Andrias, Saxe and Nardelli, JJ.

Buckley, P.J., dissents in a memorandum as follows: "Indemnity contracts must be viewed with reference to the purpose of the entire agreement and the surrounding facts and circumstances" (*Podhaskie v Seventh Chelsea Assoc.,* 3 AD3d 361, 362 [2004]). Therefore, an indemnification clause in a contract executed after an accident may be applied retroactively, where the evidence establishes that the agreement was made "as of" a pre-accident date and that the parties intended it to apply as of that date (*see id.*).

I would find that Viacom, Inc.'s June 5, 1995 request for proposal, the June 9, 1995 bid proposal form submitted in response thereto by Williams Telecommunications Systems, Inc. (Wiltel), and the written contract between Wiltel and Viacom's general contractor, Lehr Construction, dated July 28, 1995, create an issue of fact whether Wiltel intended to indemnify Viacom for the entire period of Wiltel's work on the project or only from the date the written contract was entered into.

The request for proposal stated: "The vendor [Wiltel] agrees that its proposal (including pricing) shall be deemed an offer to Viacom and remain valid for a minimum period of 90 days from receipt by Viacom and shall together with this RFP document form the basis of a contract if selected by Viacom." One of the requirements of the request for proposal was that Wiltel "indemnify and hold harmless Viacom" to "the fullest extent permitted by law." Attached to the request for proposal was a "bid response form," which Wiltel filled out and returned to

Viacom. Since the request for proposal provided that that document and the bid proposal would, *together*, "form the basis of a contract," the absence of explicit reference to indemnification in the bid proposal is not dispositive. Wiltel began work almost immediately after submitting its bid proposal, and on July 28, 1995, about one month after plaintiff was injured, entered into the written agreement providing for indemnification of Viacom by Wiltel. Under the totality of the circumstances presented, I would find an issue of fact precluding summary judgment.