■ BRILL PHYSICAL THERAPY, P.C., Respondent, v STEPHANIE LEAF et al., Appellants, et al., Defendant. [918 NYS2d 33]—

We find that the court did not abuse its discretion in ordering payment of the subject attorney's fees. Contrary to defendants' contentions, the fees were not awarded in contravention of the "American Rule," which precludes a prevailing party from recouping legal fees from the losing party except where authorized by statute, agreement or court rule (*see Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203 [2010]). Rather, such fees related solely to administrative costs incurred in connection with an urgent, court-ordered mass mailing, which was necessary to alert over 1,000 patients of plaintiff that their personal information, including names, addresses, dates of birth and Social Security numbers, had been improperly sent to a marketing company and that they were in danger of potential identity theft. Defendants agreed to pay the postage and processing costs for the mailing, the invoiced fees reflected that the tasks performed did not relate to any substantive legal work performed on behalf of plaintiff in connection with its claims asserted in this action, and the mass mailing was ancillary to the instant action (*compare Solow v Wellner*, 205 AD2d 339 [1994], *affd* 86 NY2d 582 [1995]).

Moreover, we note that, in connection with their appeal, defendants prepared a record which selectively failed to include many motion papers and supporting exhibits that had been submitted in Supreme Court and were an integral part of the record before that court. Accordingly, plaintiff was compelled to submit a supplemental appendix on appeal, containing pertinent documents which were necessary for a determination of the issues on appeal (*see 2001 Real Estate v Campeau Corp. [U.S.]*, 148 AD2d 315 [1989]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.