■ TODD GABETTE, Plaintiff, v NEW YORK UNIVERSITY et al., Appellants, and KING CONCRETE CUTTING & DRILLING, INC., Respondent, et al., Defendant. [918 NYS2d 476]—

Plaintiff seeks to recover damages for personal injuries allegedly sustained on January 19, 2007, when, while engaged in renovation work, he fell through an unsecured opening in a building owned by NYU. Sciame was the general contractor for the renovation project. Pursuant to a work order dated January 16, 2007, Sciame hired King to create floor openings, including the opening through which plaintiff allegedly fell.

King's president submitted an affidavit stating that several weeks after King's work was completed, he received and signed a purchase order, dated January 16, 2007, containing an indemnification rider requiring King to indemnify NYU and Sciame against any and all claims arising out of the performance of King's work. King's president averred that he did not intend or expect that his signature on the purchase order would retroactively bind King to provide contractual indemnity to Sciame or NYU for plaintiff's accident.

The court properly determined that the affidavit of King's president raises triable issues of fact as to whether the indemnification provision was in effect on the date of plaintiff's accident (*see Temmel v 1515 Broadway Assoc., L.P.*, 18 AD3d 364 [2005]).

The court also properly determined that an issue of fact exists as to whether plaintiff's accident was caused solely by

Sciame's negligence, thus rendering the indemnification provision unenforceable (*see* General Obligations Law § 5-322.1; *Gulotta v Bechtel Corp.*, 245 AD2d 75 [1997]). The work order provides that "[a]ll openings will be secured immediately by others," and Sciame's senior project manager averred that it was "the practice and procedure" for Sciame to secure openings. Further, the King employee who cut the hole through which plaintiff allegedly fell stated that Sciame directed his work and that he was never told of the need to inform Sciame of the completion of his work. Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.