■ JAMES G. REGNO et al., Plaintiffs, v CITY OF NEW YORK et
al., Defendants. ALMAR PLUMBING & HEATING CORP., Sued
Herein as ALMAR PLUMBING AND HEATING CORPORATION, Third-
Party Plaintiff-Appellant, v BRUNO GRGAS, INC., Third-Party De-
fendant-Respondent. (And Another Action.) [931 NYS2d 71]—

Third-party defendant Bruno Grgas, Inc. (Grgas) established
prima facie that there was no written indemnity agreement in
existence between the parties on the date of plaintiff's accident.
The burden then shifted to third-party plaintiff-appellant Almar
Plumbing & Heating Corp. (Almar). Almar failed to raise an is-
sue of fact as to whether the agreement signed in 2009, seven
months after the accident, was effective as of a date before
plaintiff's accident and that the parties intended it to have ret-
roactive effect (see Burke v Fisher Sixth Ave. Co., 287 AD2d 410
[2001]; compare Podhaskie v Seventh Chelsea Assoc., 3 AD3d
361 [2004]). Moreover, Almar failed to establish that, at the
time of plaintiff's accident, Grgas was contractually obligated to
procure insurance on its behalf and to name it as an additional
insured. Thus, Almar's claim for breach of contract was properly
dismissed (see id.).

In addition, Almar failed to demonstrate an evidentiary basis
for its assertion that discovery will reveal further facts or evi-
dence essential to opposing the summary judgment motion, and
therefore, the motion was not premature (see 2386 Creston Ave.
Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 162-163 [2008],
lv denied 11 NY3d 716 [2009]).

We find Almar's remaining arguments unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 32724(U).]**