Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered May 14, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiff’s motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, and granted the motion of third-party defendant Sherry Hill Painting Corporation (Sherry Hill) for summary judgment dismissing the third-party contractual indemnification claim, unanimously affirmed, without costs.
Plaintiff was injured when he fell after the six-foot baker’s *637 scaffold upon which he was working shifted, despite the fact that he had locked the wheels; it is undisputed that the scaffold lacked guardrails. Such evidence establishes that plaintiffs injuries were proximately caused by defendants’ failure to provide proper protection against the elevation-related risk (see Zengotita v JFK Intl. Air Term., LLC, 67 AD3d 426 [1st Dept 2009]; Vergara v SS 133 W. 21, LLC, 21 AD3d 279 [1st Dept 2005]).
Given that the scaffold was inadequate in the first instance, any failure by plaintiff to hydrate himself could not be the sole proximate cause of his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Lajqi v New York City Tr. Auth., 23 AD3d 159 [1st Dept 2005]).
Dismissal of the contractual indemnification claim against Sherry Hill was proper, since there was no indemnification agreement in existence at the time of the accident, and nothing indicates that the terms and conditions on the back of the purchase order, which contains the indemnification clause, were to have a retroactive effect (see Regno v City of New York, 88 AD3d 610 [1st Dept 2011]; Temmel v 1515 Broadway Assoc., L.P., 18 AD3d 364, 365-366 [1st Dept 2005]).
We have considered defendants’ course of conduct argument and find it unavailing.
Concur—Tom, J.E, Acosta, Román, Feinman and Clark, JJ.