Guthorn v Village of Saranac Lake (2019 NY Slip Op 01469)





Guthorn v Village of Saranac Lake


2019 NY Slip Op 01469


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526654

[*1]ROBERT GUTHORN et al., Plaintiffs,
v
VILLAGE OF SARANAC LAKE, Defendant and Third-Party Plaintiff- Appellant; KILBY & GANNON CONSTRUCTION SERVICES, LLC, Doing Business as KILBY & GANNON CONSTRUCTION SERVICES, Third-Party Defendant- Respondent. (And a Fourth-Party Action.)

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Goldberg Segalla LLP, Buffalo (Stewart G. Milch of counsel), for defendant and third-party plaintiff-appellant.
Smith Sovik Kendrick & Sugnet PC, Syracuse (Brady J. O'Malley of counsel), for third-party defendant-respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Ellis, J.), entered July 20, 2017 in Franklin County, which, among other things, denied defendant's cross motion for summary judgment (1) dismissing the complaint and (2) for indemnification on the third-party complaint.
In August 2011, defendant entered into a contract with fourth-party defendant, Mercer Construction Company, LLC, to perform construction work at its water treatment plant (hereinafter the project) located in the Village of Saranac Lake, Franklin County. Thereafter, Mercer subcontracted third-party defendant, Kilby & Gannon Construction Services, LLC, to perform work on the project. In September 2011, Mercer drafted a subcontractor agreement for Kilby & Gannon to execute containing, in relevant part, an indemnification clause in which Kilby & Gannon agreed to indemnify defendant against any claims arising out of its work on the project. Although this agreement was not executed at that time, Kilby & Gannon nevertheless commenced work on the project later in September 2011. On December 8, 2011, plaintiff Robert Guthorn, the project manager for Kilby & Gannon, was injured at the plant when he fell from a [*2]ladder, sustaining a facial laceration and a fractured left arm that required multiple surgeries. In March 2012, Mercer discovered that it did not have an executed copy of the September 2011 subcontractor agreement and, therefore, it drafted a second standard American Institute of Architects subcontractor form (hereinafter the AIA agreement) containing an identical indemnification clause as the prior agreement, which Kilby & Gannon ultimately executed.
In July 2012, Guthorn and his wife, derivatively, commenced this action against defendant alleging, among other things, violations of Labor Law §§ 200, 240 (1) and 241 (6). Defendant answered and subsequently commenced a third-party action against Kilby & Gannon seeking, among other things, contractual indemnification and/or contribution [FN1]. Following joinder of issue, Kilby & Gannon moved for summary judgment dismissing, as relevant here, defendant's third-party complaint seeking contractual indemnification on the ground that the AIA agreement was unenforceable because said agreement was not signed and executed until after Guthorn's accident and it was never intended that the AIA agreement would apply retroactively. Plaintiffs then moved for partial summary judgment against defendant on the Labor Law § 240 claim, and defendant subsequently filed a cross motion for summary judgment both dismissing the complaint and on its third-party action for, among other things, contractual indemnification against Kilby & Gannon. Supreme Court granted plaintiffs' motion for partial summary judgment and denied both Kilby & Gannon's summary judgment motions with respect to the third-party complaint, finding, as relevant there, that a question of fact exists regarding whether Mercer and Kilby & Gannon intended the AIA agreement to apply retroactively. Defendant now appeals.[FN2]
Defendant contends that it is entitled to summary judgment against Kilby & Gannon on its contractual indemnification claim because the effective date of the AIA agreement is unambiguous and, therefore, should be applied retroactively as indicated therein [FN3]. We disagree. Workers' Compensation Law § 11 bars third-party claims for indemnification against an employer unless, as relevant here, there is an express written agreement for indemnification (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005]; DiNovo v Bat Con, Inc., 117 AD3d 1130, 1131 [2014]). Notably, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Lafleur v MLB Indus., Inc., 52 AD3d 1087, 1088 [2008] [internal quotation marks and citations omitted]). An indemnification agreement that is executed after a plaintiff's accident, therefore, may only be applied retroactively where it is established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of that prior date (see Zalewski v MH Residential 1, LLC, 163 AD3d 900, 902 [2018]; Mikulski v Adam R. West, Inc., 78 AD3d 910, 912 [2010]; Lafleur v [*3]MLB Indus., Inc., 52 AD3d at 1088). Importantly, "[i]ndemnity contracts must be viewed with reference to the purpose of the entire agreement and the surrounding facts and circumstances" (Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 362 [2004]).
It is not disputed that the AIA agreement was executed after the subject accident occurred, that it contains an indemnification clause in favor of defendant, and that it includes language indicating that the agreement was made as of September 13, 2011 [FN4]. However, despite the "made as of" date contained in the AIA agreement, on the record before us, a question of fact remains regarding whether the agreement was intended to apply retroactively to September 2011. In support of its cross motion, defendant submitted the deposition testimony of James Kilby, Kilby & Gannon's general manager. According to Kilby, Mercer and Kilby & Gannon had worked together on several prior construction projects and had a joint venture agreement in place since 2008. The language of the joint venture agreement, however, is silent on the issue of retroactivity and the parties did not otherwise have an established course of conduct for entering into separate AIA agreements for each project that they worked on together. With regard to the project, Kilby testified that he and Dave Crandall, the president of Mercer, had not previously discussed the need for an AIA agreement on the project, and he had not been presented with — nor seen — the proposed AIA agreement for the project prior to receiving an email from Mercer on April 12, 2012. Notably, the AIA agreement does not indicate on its face that it was being executed nearly four months after the subject accident and, as a result, Kilby questioned Crandall prior to signing the agreement about the fact that the AIA agreement was backdated to September 2011, specifically indicating that he wanted to "strike" or "change" the date. Kilby testified that Crandall thereafter indicated that he preferred the date not be changed and, in turn, he signed the AIA agreement, noting to Crandall that "it still doesn't change the fact that today is the 13th of April."
In opposition to defendant's cross motion, meanwhile, Kilby & Gannon submitted, among other things, Crandall's deposition testimony and the deposition testimony of Nancy Brown, Mercer's office manager. Brown testified that she initially drafted a standard form subcontractor agreement in September 2011 and sent it to Kilby for signature but, when it was not subsequently returned, and not being able to locate an executed copy thereof, she drafted a second agreement in March 2012 — the AIA agreement — which Crandall then presented to Kilby for signature. Crandall acknowledged that he and Kilby discussed the AIA agreement and that Kirby voiced his concern over signing same because it was backdated to September 2011, prompting Crandall to state that "you and I both know that we had a contract that we executed and we can't find it." Given Kilby's deposition testimony and the differing accounts of the circumstances surrounding the drafting and execution of the September 2011 subcontractor agreement and the 2012 AIA agreement, we agree with Supreme Court that a question of fact exists as to whether the parties intended the indemnification clause contained in the AIA agreement to apply retroactively. Accordingly, Supreme Court appropriately denied defendant's cross motion for summary judgment (see Zalewski v MH Residential 1, LLC, 163 AD3d at 902; Gabette v New York Univ., 82 AD3d 547, 547 [2011]; Mikulski v Adam R. West, Inc., 78 AD3d at 911-912; cf. Lafleur v MLB Indus., Inc., 52 AD3d at 1088; compare Manns v Norstar Bldg. Corp., 4 AD3d 799, 800 [2004]). Given our determination, defendant's argument with respect to plaintiff's alleged negligence has been rendered academic. In any event, Supreme Court did not specifically address the issue of plaintiff's negligence in its decision, holding only that sole proximate cause has not been established and, therefore, a question of fact remains with respect thereto.[FN5]
Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Kilby & Gannon also commenced a fourth-party action against Mercer seeking common-law indemnification and defense. Mercer filed an amended answer, asserting cross claims for contractual indemnification and breach of contract against Kilby & Gannon. Mercer thereafter filed a cross motion for summary judgment that is not at issue on this appeal.

Footnote 2: Plaintiffs indicate that they take no position on the instant appeal insofar as they have settled their action with the respective parties.

Footnote 3: In support of its cross motion, defendant also submitted a fully executed copy of the subcontract agreement dated September 13, 2011, which is purportedly signed by Mercer's president and Kilby & Gannon's general manager. In his accompanying deposition testimony, Kilby & Gannon's general manager testified that he was never presented with nor executed a subcontractor agreement for the project on behalf of Kilby & Gannon in September 2011 — the clear implication being that any such purported agreement must therefore be a forgery. Based thereon, defendant's submission of the executed September 2011 subcontractor agreement is insufficient to establish the existence of an enforceable indemnification agreement between Mercer and Kilby & Gannon. We further note that, in a related hearing before Supreme Court between Mercer and Kilby & Gannon on the issue of sanctions, Supreme Court ultimately determined that the executed September 2011 subcontractor agreement was, in fact, a forgery. That finding has not been appealed.

Footnote 4: Pursuant to section 4.6.1 of the AIA agreement, Kilby & Gannon agreed to indemnify and hold harmless defendant to "the fullest extent permitted by law" against claims for, among other things, losses incurred for bodily injury caused by the negligence of Kilby & Gannon.

Footnote 5: Defendant's failure to include in its record on appeal all the motion papers and other exhibits upon which Supreme Court's underlying order was based was ultimately cured by Kilby & Gannon's submission of an extensive supplemental record such that dismissal of the appeal is not warranted on that basis (see Brill Physical Therapy, P.C. v Leaf, 82 AD3d 413, 414 [2011]; 2001 Real Estate v Campeau Corp. [U.S.], 148 AD2d 315, 316 [1989]).