Mendez v Bank of Am., N.A. (2020 NY Slip Op 01455)





Mendez v Bank of Am., N.A.


2020 NY Slip Op 01455


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11196 152189/12 590517/12

[*1] Juan Mendez, Plaintiff,
v
Bank of America, N.A., et al., Defendants-Respondents. Atlantic Building & Construction Corp., Defendant.
Americon Construction, Inc., Third-Party Plaintiff-Respondent,
v
Liberty Contracting Corp., Third-Party Defendant-Appellant.


Black Marjieh & Sanford LLP, Elmsford (Lisa J. Black of counsel), for appellant.
Law Offices of Tromello & Fishman, Melville (Nikolaos E. Diamantis of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered April 22, 2019, which, to the extent appealed from as limited by the briefs, granted defendant/third-party plaintiff Americon Construction, Inc.'s motion for summary judgment on its contractual indemnification claim against third-party defendant (Liberty), and denied Liberty's cross motion for summary judgment dismissing the claim, unanimously modified, on the law, to deny Americon's motion, and otherwise affirmed, without costs.
Plaintiff was allegedly injured while performing demolition work in the course of his employment with Liberty, which had been retained by Americon for the work. Issues of fact exist as to whether terms and conditions containing an indemnification agreement were part of the purchase order between Americon and Liberty for the work. Further, even if those terms and conditions were part of the purchase order, issues of fact exist as to whether the purchase order, while not executed until after plaintiff's accident, memorialized an agreement to indemnify made before the accident (see Elescano v Eighth-19th Co., LLC, 13 AD3d 80, 81 [1st Dept 2004]; Workers' Compensation Law § 11).
The clause in the terms and conditions stating that partial or complete performance constitutes agreement does not express an intent that the terms will be applied retroactively (see Perez Juarez v Rye Depot Plaza, LLC, 140 AD3d 464, 465 [1st Dept 2016]). Nor does the fact that before beginning the work Liberty procured insurance, without more, evince an intent to indemnify (Chong Fu Huang v 57-63 Greene Realty, LLC, 174 AD3d 777, 778 [2d Dept 2019]). However, issues of fact are presented by the fact that Liberty procured insurance consistent with the subsequently executed terms and conditions, the prior course of dealing between the parties, [*2]and the fact that as of the time of the accident Liberty's work was nearly complete (see Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 363 [1st Dept 2004]; Quinn v Fisher Dev., 272 AD2d 106 [1st Dept 2000]; see also LaFleur v MLB Indus., Inc., 52 AD3d 1087, 1088 [3d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK