DeJesus v Sweet Constr. Corp. (2021 NY Slip Op 01319)





DeJesus v Sweet Constr. Corp.


2021 NY Slip Op 01319


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 1528641/15, 595487/15 Appeal No. 13279N Case No. 2020-02941 

[*1]Antonio DeJesus, Plaintiff,
v
Sweet Construction Corp., et al., Defendants-Appellants-Respondents, BSD 80 Broad LLC, et al., Defendants.
Sweet Construction Corp., et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Cleaning Contractors Corp., Third-Party Defendant-Respondent-Appellant.


Kaufman Dolowich & Voluck LLP, Woodbury (Roland A. Vitanza of counsel), for appellants-respondents.
Foran Glennon Palandech Ponzi & Rudloff PC, New York (Nicholas J. Marino of counsel), for respondent-appellant.



Order, Supreme Court, New York County (David B. Cohen, J.), entered June 11, 2020, which, to the extent appealed from, denied third-party plaintiffs Sweet Construction Corp., The Sweet Construction Group Ltd., and Sweet Construction of Long Island LLC's (collectively, Sweet) motion for summary judgment on their contractual indemnification claim against third-party defendant Cleaning Contractors Corp. (CCC), unanimously affirmed, without costs, and, upon a search of the record, summary judgment is granted to CCC dismissing the claim.
The motion court correctly denied summary judgment to Sweet on its contractual indemnification claim against CCC. There was no indemnification agreement in existence at the time of the accident and no proof that the indemnification clause in the subsequently executed contract was to be afforded retroactive effect (see Temmel v 1515 Broadway Assoc., L.P., 18 AD3d 364, 365 [1st Dept 2005]; Perez Juarez v Rye Depot Plaza, LLC, 140 AD3d 464 [1st Dept 2016]).
The affidavit by Sweet's project manager fails to demonstrate as a matter of law that the parties intended that the contract be given retroactive effect. While the project manager claims that the parties had reached such an understanding in 2016, the subject accident occurred in 2014. The project manager's claim that CCC's owner had agreed to indemnify Sweet on September 22, 2014 (three days before the work began and the accident happened) is conclusory and self-serving. The testimony of CCC's owner is not only silent as to such an agreement but also devoid of any indication that CCC intended to indemnify Sweet retroactively on this job.
In view of the foregoing, we grant summary judgment to CCC dismissing the contractual indemnification claim (CPLR 3212[b]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021