Lorica v Krug (2021 NY Slip Op 03642)





Lorica v Krug


2021 NY Slip Op 03642


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530974
[*1]Joseph Lorica et al., Plaintiffs,
v
Jeremy Krug et al., Defendants and Third- Party Plaintiffs- Respondents; G & C Plumbing & Heating Corp., Third-Party Defendant- Appellant.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Osborn, Reed & Burke, LLP, Utica (L. Damien Costanza of counsel), for third-party defendant-appellant.
Monaco Cooper Lamme & Carr, PLLC, Albany (Caitlin A. Goetz of counsel), for defendants and third-party plaintiffs-respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Ryba, J.), entered January 27, 2020 in Albany County, which, among other things, partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint.
On May 12, 2016, plaintiff Joseph Lorica (hereinafter plaintiff), who was employed by third-party defendant, G & C Plumbing & Heating Corp. (hereinafter G & C), sustained injuries when he fell while working at a construction site owned by defendant Jeremy Krug and managed by defendant The Krug Group Corp. Plaintiff, and his spouse derivatively, commenced this action against defendants, alleging violations of Labor Law §§ 200, 240 and 241 (6). Defendants filed a third-party action against G & C seeking contractual and common-law indemnification. After answering, G & C moved for summary judgment dismissing the third-party complaint. Supreme Court, among other things, dismissed the cause of action for common-law indemnification, but partially denied the motion by finding that questions of fact exist as to contractual indemnification. G & C appeals.
"Workers' Compensation Law § 11 prohibits third-party claims for indemnification against an employer" except, as relevant here, "when there is a 'written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the [injured employee]'" (Mikulski v Adam R. West, Inc., 78 AD3d 910, 911 [2010], quoting Workers' Compensation Law § 11; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005]; Guthorn v Village of Saranac Lake, 169 AD3d 1298, 1299-1300 [2019]; DiNovo v Bat Con, Inc., 117 AD3d 1130, 1131 [2014]). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Wellington v Christa Constr. LLC, 161 AD3d 1278, 1282 [2018] [internal quotation marks and citations omitted]). "An indemnification agreement that is executed after a plaintiff's accident, therefore, may only be applied retroactively where it is established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of that prior date" (Guthorn v Village of Saranac Lake, 169 AD3d at 1300 [citations omitted]; see Mikulski v Adam R. West, Inc., 78 AD3d at 912; LaFleur v MLB Indus., Inc., 52 AD3d 1087, 1088 [2008]). On G & C's summary judgment motion, we must view the evidence in a light most favorable to defendants, afford them the benefit of every favorable inference and avoid making credibility determinations (see Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1250 [2017]).
G & C submitted a hold harmless agreement dated January 1, 2016 that is signed by its president, Frank Lorica, and by the bookkeeper for The Krug Group Corp.[FN1] In his deposition testimony and affidavit, Lorica asserted that he signed the document on May [*2]17, 2016 — five days after plaintiff's accident — when the bookkeeper sent him an email requesting that he execute the attached agreement and date it January 1, 2016, as she needed such forms yearly. Lorica averred that he and the bookkeeper did not discuss the retroactive application of the agreement, and that it was not his intention to take on any obligation that predated his execution of the agreement. Lorica testified that, in 2014, G & C executed a hold harmless agreement in favor of other entities owned by the Krug family, and he assumed that the agreement was in effect for one calendar year, like most insurance agreements. Lorica further testified that he signed a hold harmless agreement for The Krug Group Corp. at some point in time after being notified that there had been a change to the company name.
G & C also submitted the deposition testimony of the bookkeeper, who testified that The Krug Group Corp. was formed in 2015, upon the dissolution of other family-owned entities for which G & C had also done plumbing work. The bookkeeper testified that she mailed each of The Krug Group Corp.'s subcontractors a form letter concerning the company's name change and corresponding need for updated insurance information and new hold harmless agreements. She testified that she maintains a log where, among other things, she records for each subcontractor whether she has a hold harmless agreement; prior to the date of plaintiff's accident, she had recorded an "X" on her log for G & C, denoting that she had such a hold harmless agreement. The bookkeeper further testified that she never received the 2016 agreement prior to plaintiff's accident, despite her belief that she had sent said agreement to G & C around January 1, 2016; as she never received a return copy after she sent it in either December 2015 or January 2016, she presented Lorica with a second copy of the agreement on May 17, 2016. She also testified that she had a phone conversation with Lorica following plaintiff's accident where she told him that she had not received a hold harmless agreement from him, and she received the signed agreement shortly thereafter. According to the bookkeeper, she believed that the agreement was effective as of January 1, 2016.
The agreement at issue is dated January 1, 2016. Lorica placed his signature on a line next to where that date had been typed in (despite having apparently signed it on May 17, 2016) and he never objected to such date. The agreement is silent as to retroactivity, but the date placed thereon could be interpreted as its intended effective date (compare Manns v Norstar Bldg. Corp., 4 AD3d 799, 800 [2004]; Pena v Chateau Woodmere Corp., 304 AD2d 442, 444 [2003]). On the other hand, Lorica asserted that he never intended retroactivity, and the agreement itself does not address retroactivity or explicitly state its effective date. Although the parties apparently had a long-standing business relationship, the 2014 agreement is not particularly [*3]helpful in determining the parties' intentions; that agreement similarly does not state explicit effective dates, the record contains inconsistent information as to whether that agreement was limited to one particular project or intended to extend to future projects between the parties, and it was entered into by a different entity owned by the Krug family.
Accordingly, G & C failed to meet its initial burden on its summary judgment motion, as there are questions of fact regarding whether the parties had entered into an indemnification agreement prior to plaintiff's accident and whether they intended the written agreement to apply retroactively. Thus, Supreme Court properly denied that portion of G & C's motion that sought dismissal of the contractual indemnification claim (see Mendez v Bank of Am., N.A., 181 AD3d 419, 420 [2020]; Guthorn v Village of Saranac Lake, 169 AD3d at 1300-1301; Zalewski v MH Residential 1, LLC, 163 AD3d 900, 902 [2018]; compare Lafleur v MLB Indus., Inc., 52 AD3d at 1088; Manns v Norstar Bldg. Corp., 4 AD3d at 800).
Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The bookkeeper also serves as an officer of The Krug Group Corp.