Suazo v 501 Madison-Sutton LLC
2026 NY Slip Op 03411
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Marco Suazo, Plaintiff,
v
501 Madison-Sutton LLC, et al., Defendants-Respondents.
[A Third-Party Action]
501 Madison-Sutton LLC, et al., Second Third-Party Plaintiffs-Respondents,
Superior Acoustics, Inc., Second Third-Party Defendant-Appellant.
Superior Acoustics, Inc., Third Third-Party Plaintiff-Appellant,
Atlantic Interiors, Inc., Third Third-Party Defendant- Respondent.

Decided and Entered: June 02, 2026
Index No. 305735/14|Appeal No. 6769|Case No. 2025-06311|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Mauro Lilling Naparty, LLP, Woodbury (Jessica L. Smith of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Ryan S. Ulrich of counsel), for 501 Madison-Sutton LLC, 501 Madison Avenue LLC, and GC Contractors, Inc., respondents.
Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for Atlantic Interiors, Inc., respondent.

[*1]
Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about July 31, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants 501 Madison-Sutton LLC, 501 Madison Avenue LLC (501 Defendants), and GC Contractors, Inc. for summary judgment on their contractual and common-law indemnification claims against second third-party defendant and third third-party plaintiff Superior Acoustics, Inc., granted the motion of third third-party defendant Atlantic Interiors, Inc. for summary judgment dismissing Superior's contractual indemnification claim, and denied Superior's motion for summary judgment on that claim, unanimously modified, on the law, to deny defendants' motion for summary judgment on their common-law indemnification claim against Superior, grant GC Contractors conditional contractual indemnification against Superior, and otherwise affirmed, without costs.
Plaintiff, an employee of third third-party defendant Atlantic, was injured on March 6, 2014, when he fell from a ladder while performing spackling and tape work on drywall at a building owned by 501 defendants. Defendant GC Contractors, the general contractor, subcontracted the drywall work to second third party defendant Superior. On the date of the accident, Superior had an oral contract with Atlantic to perform certain work related to the installation of the drywall. On a prior appeal, we affirmed Supreme Court's award of partial summary judgment to plaintiff on his Labor Law § 240(1) claim (see Suazo v 501 Madison-Sutton LLC, 235 AD3d 513, 513 [1st Dept 2025]). This appeal concerns defendants' various claims of common law and contractual indemnification against each other.
Supreme Court should not have awarded summary judgment to 501 defendants and GC Contractors on their common law indemnification claim against Superior. "To be entitled to common-law indemnification, [the proposed indemnitee] must show (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work" (Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Because there are issues of fact as to the negligence of Superior and GC Contractors, common law indemnification cannot be imposed on Superior. All parties deny ownership of the ladder involved in plaintiff's accident. There is conflicting evidence as to whether the ladder belonged to Superior or Atlantic, and whether Atlantic was authorized to use Superior's ladders. Accordingly, Superior's negligence remains an open question (see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 422-423 [1st Dept 2021]).
[*2]
There is also a triable issue of fact concerning GC's negligent failure to monitor the safety of the worksite. A visibly defective ladder available for use on the premises constitutes a dangerous condition (see id. at 422-423; Jaycoxe v VNO Bruckner Plaza, LLC, 146 AD3d 411, 412 [1st Dept 2017]). Thus, there are issues of fact as to whether GC Contractors had actual or constructive notice of the defective ladder and could have remedied it (see Herrero, 193 AD3d at 423).
Supreme Court correctly found that the broad contractual indemnification provision contained in the purchase order between GC Contractors and Superior applied to plaintiff's accident. Contrary to Superior's contentions, the indemnification provision covered claims arising from plaintiff's performance of Superior's work subcontracted to Atlantic (see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415 [2008]). Whether Superior exercised control over plaintiff's work or provided the ladder is irrelevant. The indemnification agreement was triggered by virtue of the accident occurring in the course of plaintiff's work (see Pimentel v DE Frgt. LLC, 205 AD3d 591, 594 [1st Dept 2022]). However, given that there is an issue of fact concerning GC Contractors' negligence, Supreme court should have conditionally granted GC Contractors' contractual indemnification claim (see Madkins v 22 Little W. 12th St., LLC, 191 AD3d 434, 436 [1st Dept 2021]).
The court properly granted Atlantic's motion for summary judgment on Superior's contractual indemnification claim. There was no indemnification agreement between Superior and Atlantic in effect at the time of the accident and no evidence that the indemnification provision contained in the parties' written agreement executed approximately one month after the accident was intended to apply retroactively (see Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 362 [1st Dept 2004]). The post-accident agreement is "devoid of any language demonstrating an intention by the parties that it be retroactively applied" (Temmel v 1515 Broadway Assoc., L.P., 18 AD3d 364, 365 [1st Dept 2005]; see Perez Juarez v Rye Depot Plaza, LLC, 140 AD3d 464, 465 [1st Dept 2016]). The conclusory statements by Superior's owner in his deposition and affidavit do not create a triable issue of fact concerning whether the parties intended the agreement to apply retroactively (see Kolakowski v 10839 Assoc., 185 AD3d 427, 428 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026