■ ADELAIDE BARNES, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY et al., Defendants. (And Third-Party Actions.) (Action No. 1.) GENEVA THREATS et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff, et al., Defendant. ADEL-FIA CONTRACTING, INC., et al., Third-Party Defendants; SEARS, INC., Third-Party Defendant-Appellant; PROFESSIONAL FLOOR COVERING INSTALLATION, INC., Third-Party Defendant-Respondent. (Action No. 2.) DEBORAH CAVALIERI et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff, et al., Defendant. ADEL-FIA CONTRACTING, INC., et al., Third-Party Defendants; SEARS, INC.,

Third-Party Defendant-Appellant; PROFESSIONAL FLOOR COVERING INSTALLATION, INC., Third-Party Defendant-Respondent. (Action No. 3.) CORI BOPP, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff, et al., Defendant. ADEL-FIA CONTRACTING, INC., et al., Third-Party Defendants; SEARS, INC., Third-Party Defendant-Appellant; PROFESSIONAL FLOOR COVERING INSTALLATION, INC., Third-Party Defendant-Respondent. (Action No. 4.) DOROTHY MEEHAN et al., Plaintiffs, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff. ADEL-FIA CONTRACTING, INC., et al., Third-Party Defendants; SEARS, INC., Third-Party Defendant-Appellant; PROFESSIONAL FLOOR COVERING INSTALLATION, INC., Third-Party Defendant-Respondent. (Action No. 5.) ANGEL MORALES, Plaintiff, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff. ADEL-FIA CONTRACTING, INC., et al., Third-Party Defendants; SEARS, INC., Third-Party Defendant-Appellant; PROFESSIONAL FLOOR COVERING INSTALLATION, INC., Third-Party Defendant-Respondent. (Action No. 6.) IRIS ANDERSON, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff. IMPERIAL FIRE PROTECTION CORP. et al., Third-Party Defendants; PROFESSIONAL FLOOR COVERING INSTALLATION, INC., Third-Party Defendant-Respondent; SEARS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (Action No. 7.) [841 NYS2d 379]—

In seven related actions, inter alia, to recover damages for personal injuries, Sears, Inc., a third-party defendant in action Nos. 2, 3, 4, 5, and 6 and a second third-party defendant in action No. 7, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 26, 2005, as denied that branch of its motion which was for summary judgment on its cross claims for contractual indemnification against Professional Floor Covering Installation, Inc., a third-party defendant in action Nos. 2, 3, 4, 5, 6, and 7.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment on its cross claims for contractual indemnification against Professional Floor Covering Installation, Inc., a third-party defendant in action Nos. 2, 3, 4, 5, 6, and 7 is granted.

On December 18, 1998 three New York City firefighters were killed and seven tenants injured as a result of a fire which

erupted in an apartment building owned and operated by the New York City Housing Authority (hereinafter the NYCHA). The fire started, in an apartment occupied by Jacquelyn Pinder, a third-party defendant in action Nos. 2, 3, 4, 5, 6, and 7. Several days prior to the fire, Sears, Inc. (hereinafter Sears), a third-party defendant in action Nos. 2, 3, 4, 5, and 6, and second third-party defendant in action No. 7, sold wall-to-wall carpeting to Pinder and contracted with Professional Floor Covering Installation, Inc. (hereinafter PFCI), a third-party defendant in action Nos. 2, 3, 4, 5, 6, and 7, to install it.

Wrongful death and personal injury actions were brought against the NYCHA, asserting, inter alia, that its negligence rendered inoperable the building's hallway sprinkler system and the self-closing hinges to Pinder's front door, thus causing the build-up of heat and smoke which killed the firefighters and injured the tenants. The NYCHA then commenced third-party actions against Sears and PFCI, alleging, inter alia, that the height of the carpet interfered with the operation of Pinder's apartment door's self-closing mechanism, and that the carpet installer removed or disabled the self-closing mechanism. Sears then cross-claimed, inter alia, for contractual indemnification against PFCI.

The subject indemnification provision in the contract between Sears and PFCI stated that PFCI agreed "to protect and indemnify [Sears] from all claims or demands on account of injury to persons or property occurring . . . as a result of said installation." Sears moved, inter alia, for summary judgment on its contractual indemnification cross claims against PFCI. The Supreme Court denied that branch of Sears's motion which was for summary judgment on its contractual indemnification cross claims against PFCI on the ground that triable issues of fact existed as to whether there was any relationship between PFCI's work and the underlying deaths and injuries. We reverse the order insofar as appealed from.

"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances' " (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]; *see Watral & Sons, Inc. v OC Riverhead 58, LLC*, 34 AD3d 560, 563 [2006]). As Sears correctly contends, the express language of the subject indemnification agreement obligates PFCI to indemnify it in this matter from claims, such as the ones brought by the NYCHA against Sears, arising as a result of the carpet installation in the Pinder apartment performed by PFCI

(*see Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153-154 [1973]; *Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303 AD2d 532, 534-535 [2003]). Accordingly, Sears established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In response, PFCI failed to raise a triable issue fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Although at the time of the Supreme Court's determination of Sears's summary judgment motion there was not a finding on the issue of causation, such a finding is not necessary to trigger the subject indemnification clause. It was triggered when claims were presented alleging that the installation was a cause of the underlying fire and injuries (*see McCleary v City of Glens Falls*, 32 AD3d 605, 609-610 [2006]). Therefore, the Supreme Court improperly denied that branch of Sears's motion which was for summary judgment on its contractual indemnification cross claims against PFCI.

PFCI's remaining contentions are without merit. Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.