■ CHARLES LODATO, Plaintiff, v GREYHAWK NORTH AMERICA, LLC, Respondent, and PALACE ELECTRICAL CONTRACTORS, INC., Appellant. (And Third and Fourth-Party Actions.) [896 NYS2d 457]—

In an action to recover damages for personal injuries, the defendant Palace Electrical Contractors, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 9, 2009, as granted that branch of the motion of the defendant Greyhawk North America, LLC, which was for summary judgment on its cross claims for common-law and contractual indemnification, and denied its cross motion for summary judgment dismissing the cross claim of the defendant Greyhawk North America, LLC, for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly found that the defendant Greyhawk North America, LLC (hereinafter Greyhawk), was designated the representative of the owner of the subject premises under the contract between Greyhawk and the owner. The contract between the defendant Palace Electrical Contractors, Inc. (hereinafter Palace), and the owner provides that Palace must indemnify the owner's representative. The parties'

intention that Palace indemnify Greyhawk can clearly be implied from the language and purposes of both contracts, and the surrounding circumstances (see *Torres v LPE Land Dev. & Constr., Inc.*, 54 AD3d 668 [2008]; *Barnes v New York City Hous. Auth.*, 43 AD3d 842 [2007]). A reading of both contracts shows that the parties intended that Palace would indemnify Greyhawk to the extent that any injuries were caused by Palace's negligence. Here, Greyhawk made a prima facie showing that Palace was negligent, and Palace failed to raise a triable issue of fact in opposition. Thus, the Supreme Court properly granted that branch of Greyhawk's motion which was for summary judgment on its cross claim for contractual indemnification, and denied Palace's cross motion for summary judgment dismissing that cross claim.

In order to establish a claim for common-law indemnification against Palace, Greyhawk had to prove not only that it was not negligent, but that Palace was responsible for negligence that contributed to the accident, or in the absence of negligence, that it had the authority to direct, supervise, and control the work giving rise to the injury (see *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807 [2009]; *Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 394 [2008]).

Here, Greyhawk established as a matter of law that it was not negligent, and that its liability was purely statutory and vicarious (see *Lodato v Greyhawk N. Am., LLC*, 39 AD3d 491 [2007]). Greyhawk also made a prima facie showing that Palace was negligent and that Palace had the authority to direct, supervise, and control the work that gave rise to the plaintiff's injury. In opposition, Palace failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of Greyhawk's motion which was for summary judgment on its cross claim for common-law indemnification. Skelos, J.P., Florio, Hall and Austin, JJ., concur.