■ ADAM SAND, Respondent, v CITY OF NEW YORK, Defendant/Third-Party Plaintiff, and VERIZON NEW YORK, INC., Defendant/Third-Party Defendant/Fourth-Party Plaintiff-Respondent. S. DIFAZIO AND SONS CONSTRUCTION, INC., Fourth-Party Defendant-Appellant. [921 NYS2d 312]—

In an action to recover damages for personal injuries, the fourth-party defendant, S. DiFazio and Sons Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated September 28, 2009, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against the defendant/third-party defendant/fourth-party plaintiff, Verizon New York, Inc., and the fourth-party complaint of Verizon New York, Inc., and granted that branch of the motion of Verizon New York, Inc., which was for summary judgment on its fourth-party cause of action for contractual indemnification.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of S. DiFazio and Sons Construction, Inc., which was for summary judgment dismissing the complaint insofar as asserted against Verizon New York, Inc., and substituting therefor a provision granting that branch of the cross motion, (2) by deleting the provision thereof granting that branch of the motion of Verizon New York, Inc., which was for summary judgment on its cause of action in the fourth-party complaint for contractual indemnification with respect to any damages for which it may have been liable to the plaintiff or the defendant/third-party plaintiff, City of New York, and substituting therefor a provision denying that branch of the motion, (3) by deleting the provision thereof denying those branches of the cross motion of S. DiFazio and Sons Construction, Inc., which were for summary judgment dismissing the second and third causes of action in the fourth-party complaint, and substituting therefor a provision granting those branches of the motion, and (4) by deleting the provision thereof denying that branch of the cross motion of S. DiFazio and Sons Construction, Inc., which was for summary judgment dismissing the cause of action in the fourth-party complaint for contractual indemnification with respect to any damages for which it may have been liable to the plaintiff or the City of New York, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to S. DiFazio and Sons Construction, Inc., and one bill of costs payable by S. DiFazio and Sons Construction, Inc., to Verizon New York, Inc., and, upon searching the record, summary judgment is awarded to Verizon New York, Inc., dismissing the third-party complaint and all cross claims asserted against it.

The plaintiff allegedly was injured when his motorcycle struck

a pothole on Grand Street in Brooklyn, approximately 50 to 100 feet east of Bushwick Avenue. The plaintiff commenced this action against the City of New York, which commenced a third-party action for indemnification against Verizon New York, Inc. (hereinafter Verizon), to which the City had issued a permit to open the roadway at Grand Street between Bushwick Avenue and Olive Street. Verizon commenced a fourth-party action for, among other things, contractual indemnification against the fourth-party defendant, S. DiFazio and Sons Construction, Inc. (hereinafter DiFazio), which had performed the work for Verizon under the subject permit. After the plaintiff amended the complaint to name Verizon directly as a defendant, the City, among other things, asserted a cross claim against Verizon for indemnification.

Verizon moved for summary judgment dismissing the complaint, the third-party complaint, and the cross claim insofar as asserted against it, and for summary judgment on its fourth-party cause of action for contractual indemnification against DiFazio. DiFazio cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Verizon, and for summary judgment dismissing the fourth-party complaint. The Supreme Court denied the motion and the cross motion, except that it granted that branch of Verizon's motion which was for summary judgment on its fourth-party cause of action for contractual indemnification against DiFazio.

The Supreme Court erred in denying that branch of DiFazio's cross motion which was for summary judgment dismissing the complaint insofar as asserted against Verizon. Although a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Cohen v Schachter*, 51 AD3d 847, 848 [2008]; *Cino v City of New York*, 49 AD3d 796, 797 [2008]; *Gurriell v Town of Huntington*, 129 AD2d 768, 770 [1987]), DiFazio met its prima facie burden of establishing Verizon's entitlement to judgment as a matter of law by submitting evidence demonstrating that DiFazio did not perform any work on the portion of the roadway where the accident occurred, and did not create the allegedly defective condition which caused the plaintiff's injuries. Since DiFazio was the only subcontractor performing work for Verizon under the subject permit, DiFazio thus established, prima facie, that Verizon could not be held liable. The plaintiff failed to raise a triable issue of fact in opposition to DiFazio's showing (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should

have awarded summary judgment to DiFazio dismissing the complaint insofar as asserted against Verizon.

Since summary judgment should have been awarded to Verizon dismissing the complaint insofar as asserted against it, DiFazio should have been awarded summary judgment dismissing the second and third causes of action in the fourth-party complaint, in their entirety, and the first cause of action for contractual indemnification, insofar as Verizon sought indemnification with respect to any damages for which it may have been liable to the plaintiff or the City of New York. In light of our determination, Verizon will not be subject to liability for any of those damages, and there is thus no need for Verizon to recoup them from DiFazio. Accordingly, the Supreme Court incorrectly awarded summary judgment to Verizon as to those damages. However, contrary to DiFazio's contention, Verizon is entitled to be indemnified for attorney's fees and costs incurred in the defense of this action. Pursuant to the contract between DiFazio and Verizon, DiFazio agreed to defend and indemnify Verizon for all claims arising out of DiFazio's "actual or alleged acts or omissions." The plain and unambiguous terms of the contract do not condition DiFazio's obligation for attorneys' fee and costs on a finding of fault (*see Barnes v New York City Hous. Auth.*, 43 AD3d 842, 845 [2007]; *McCleary v City of Glens Falls*, 32 AD3d 605, 609 [2006]; *Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523, 524-525 [1999]; *DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 269-270 [1994]). Accordingly, the Supreme Court correctly awarded summary judgment to Verizon as to those damages.

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see Grabowski v Consolidated Edison Co. of N.Y., Inc.*, 72 AD3d 888, 889 [2010]; *Rivera v Port Auth. of N.Y. & N.J.*, 69 AD3d 917, 918 [2010]; *Surace v Commonwealth Land Tit. Ins. Co.*, 62 AD3d 861, 862 [2009]). Accordingly, under the circumstances of this case, summary judgment is awarded to Verizon dismissing the third-party complaint and the City's cross claims against it. Prudenti, P.J., Dillon, Chambers and Sgroi, JJ., concur.