■ RADERQUI DIUDONE, Plaintiff, v CITY OF NEW YORK et al., Defendants, VERIZON NEW YORK, INC., Respondent, and S. DIFAZIO & SONS CONSTRUCTION, Appellant. (And a Third-Party Action.) [928 NYS2d 464]—

The plaintiff allegedly was injured when she tripped and fell in the roadway at or near the intersection of Flushing Avenue and Broadway in Brooklyn. She commenced this action to recover damages for personal injuries against, among others, the defendants S. DiFazio & Sons Construction (hereinafter DiFazio) and Verizon New York, Inc. (hereinafter Verizon), alleging that they negligently performed construction work in the area where she fell, and that such negligence caused her injuries. Verizon asserted a cross claim for contractual indemnification against DiFazio. Verizon had entered into a contract with DiFazio, pursuant to which DiFazio agreed to perform excavation and repaving work near a curb on Flushing Avenue at or around its intersection with Broadway. Under the contract, DiFazio agreed to defend and indemnify Verizon for all claims arising out of DiFazio's "actual or alleged acts or omissions."

Contrary to DiFazio's contention, Verizon is entitled to indemnification for attorneys' fees and costs incurred in the defense of this action. This action arises out of DiFazio's "actual or alleged acts or omissions," and the plain and unambiguous terms of the contract do not condition DiFazio's obligation to indemnify Verizon for attorneys' fees and costs incurred in the defense of this action on a finding of fault (*see Sand v City of New York*, 83 AD3d 923 [2011]; *McCleary v City of Glens Falls*, 32 AD3d 605, 609 [2006]; *Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523, 524-525 [1999]; *DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 269-270 [1994]; *Vamvkaris v City of New York*, 21 Misc 3d 1148[A], 2008 NY Slip Op 52555[U] [2008]). Accordingly, the Supreme Court properly granted that branch of Verizon's motion which was for summary judgment on its cross claim for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action.

DiFazio's remaining contention is without merit. Skelos, J.P., Belen, Hall and Roman, JJ., concur.