■ Evans Gabriel et al., Plaintiffs, Kerline Goinet et al., Respondents, and Sulta Marcellus, Appellant, v Stephen Zwerin et al., Respondents, Peter Montour et al., Appellants, et al., Defendant. [932 NYS2d 370]—

On August 1, 2008, a bus operated by the defendant Stephen Zwerin and owned by the defendant Cramden Coach, LLC (hereinafter Cramden), collided with a van operated by the defendant Peter Montour and owned by the defendant Jean A. Toussaint, in which the plaintiff Sulta Marcellus was a passenger. On the date of the accident, the Long Island Rail Road (hereinafter the LIRR) was performing track work that disrupted service to some of its lines, and it had retained the defendant Paradise Tour & Travel, Inc. (hereinafter Paradise), to provide shuttle bus service for the passengers on the affected lines. Since Paradise did not have enough of its own buses to meet the demand, it retained Cramden, among others, to meet the needs of the LIRR. Shortly after joinder of issue, Paradise moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, inter alia, that Cramden was an independent contractor and, thus, Paradise

could not be held vicariously liable for any negligence by Cramden.

Paradise submitted evidence demonstrating that Cramden was an independent contractor over which it only exercised incidental control. Thus, Paradise established, prima facie, that it could not be held vicariously liable for any negligence of Cramden or its employee, Zwerin (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Chuchuca v Chuchuca*, 67 AD3d 948, 950 [2009]). In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506 [1993]). Further, the appellants failed to demonstrate that discovery was necessary to oppose the motion (*see* CPLR 3212 [f]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted those branches of Paradise's motion which were for summary judgment dismissing the complaint insofar as asserted against it by Marcellus and all cross claims insofar as asserted against it by Montour and Touissant. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.