■ DANIEL SIMONE, JR., et al., Plaintiffs, v LIEBHERR CRANES, INC., et al., Defendants, BEYS CONTRACTING, INC., Defendants/ Second Third-Party Plaintiff-Respondent, and RESUN LEASING, INC., Defendant/Second Third-Party Defendant-Appellant. (And Other Third-Party Actions.) [935 NYS2d 337]—

The contract between the defendant Resun Leasing, Inc. (hereinafter the appellant), as subcontractor, and the defendant Beys Contracting, Inc. (hereinafter the respondent), as contractor provided that "[t]o the extent permitted by law, Subcontractor shall indemnify, hold harmless and defend . . . Contractor . . . and [its] agents and employees . . . from and against all claims, damages, losses and expenses including but not limited to attorneys' fees arising out of or resulting from the performance of the agreement, provided any such claim, damage, loss or expenses (a) is attributable to bodily injury . . . and (b) is caused in whole or in part by any act or omission of the Subcontractor or anyone directly or indirectly employed by it or anyone for whose acts it may be liable pursuant to the performance of the agreement."

Contrary to the appellant's contention, the respondent established its prima facie entitlement to judgment as a matter of law by showing that this action arose out of the appellant's performance of the contract and the acts or omissions of persons and entities directly and indirectly employed by the appellant (*cf. Langner v Primary Home Care Servs., Inc.*, 83 AD3d 1007, 1010 [2011]; *D'Angelo v Builders Group*, 45 AD3d 522 [2007]). The plain and unambiguous terms of the contract did not condi-

tion the appellant's obligation for attorneys' fees and costs upon a finding of fault (*see Diudone v City of New York*, 87 AD3d 608 [2011]; *Sand v City of New York*, 83 AD3d 923, 926 [2011]). Since the contract did not require as a condition for contractual indemnification that the acts or omissions be negligent or wrongful, whether those acts or omissions constituted negligent conduct was not relevant to the appellant's liability for contractual indemnification with respect to attorneys' fees and costs (*cf. Martinez v City of New York*, 73 AD3d 993, 999 [2010]; *Quiroz v Beitia*, 68 AD3d 957, 961 [2009]; *Bryde v CVS Pharmacy*, 61 AD3d 907, 908 [2009]). In opposition, the appellant failed to raise a triable issue of fact.

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the respondent's cross motion which was for summary judgment on its cause of action asserted in the second third-party action against the appellant for contractual indemnification with respect to attorneys' fees and costs. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.