■ YEHUDA SCHWARTZ et al., Appellants, v ORANGE AND ROCKLAND UTILITIES, INC., Respondent, et al., Defendants. [940 NYS2d 320]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated September 20, 2010, as granted that branch of the motion of the defendant Orange and Rockland Utilities, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly was injured when he fell from his bicycle after a wheel struck a hole in the roadway near the intersection of Adams Lane and Roosevelt Street in the Town of Ramapo. The plaintiffs alleged that the defendant Orange and Rockland Utilities, Inc. (hereinafter O&R), had negligently performed excavation and repair work at the site approximately three years earlier.

A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Brown v Welsbach Corp., 301 NY 202, 205 [1950]; Minier v City of New York, 85 AD3d 1134, 1134-1135 [2011]; Sand v City of New York, 83 AD3d 923, 925 [2011]). As the movant, O&R bore the initial burden of making a prima facie showing that it did not create the alleged dangerous condi-

tion which caused the infant plaintiff to fall (*see Sand v City of New York*, 83 AD3d at 925; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In support of O&R's motion, its submissions, including the deposition testimony of its witness, were sufficient to establish, prima facie, that O&R did not create the alleged dangerous condition which caused the infant plaintiff to fall off of his bicycle (*cf. Hayes v DeMicco Bros., Inc.*, 34 AD3d 641, 642 [2006]; *King v County of Nassau*, 262 AD2d 533 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact with the affidavit of their expert. We agree with the Supreme Court that this expert's conclusions were speculative and conclusory (*see DiGregorio v Fleet Bank of N.Y., NA*, 60 AD3d 722, 724 [2009]). Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.