■ GLADYS CUELLAR, Respondent, v CITY OF NEW YORK et al., Defendants, and VERIZON NEW YORK, INC., Defendant/Third-

Party Plaintiff-Appellant. CORZO CONTRACTING CO., INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [32 NYS3d 292]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff, Verizon New York, Inc., appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), entered April 28, 2014, as denied that branch of its motion which was for summary judgment on its third-party cause of action for contractual indemnification, and granted that branch of the motion of the third-party defendant, Corzo Contracting Co., Inc., which was for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant/third-party plaintiff which was for summary judgment on its third-party cause of action for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant/third-party plaintiff.

On June 14, 2011, the plaintiff allegedly was injured when her bicycle struck a hole at the intersection of Newtown Avenue and 29th Street in Queens. The plaintiff commenced this action to recover damages for personal injuries against Verizon New York, Inc. (hereinafter Verizon), among others. Prior to the accident Verizon had received a permit from the City of New York to perform work in the subject intersection. Verizon commenced a third-party action against Corzo Contracting Co., Inc. (hereinafter Corzo), the entity which performed the work for Verizon under the subject permit. Verizon's third-party causes of action included claims for breach of contract and contractual indemnification.

Verizon moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and for summary judgment on its third-party complaint. Corzo moved, among

other things, for summary judgment dismissing Verizon's third-party complaint. The Supreme Court granted that branch of Verizon's motion which was for summary judgment dismissing the complaint insofar as asserted against it, concluding that there was undisputed evidence that Corzo did not perform any work at the area of the intersection where the plaintiff's accident occurred. The court also granted that branch of Corzo's motion which was for summary judgment dismissing Verizon's third-party cause of action for contractual indemnification, and denied that branch of Verizon's motion which was for summary judgment on that third-party cause of action.

" 'A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances' " (*Barnes v New York City Hous. Auth.*, 43 AD3d 842, 844 [2007], quoting *Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]).

Contrary to Corzo's contention, Verizon established its prima facie entitlement to judgment as a matter of law on its third-party cause of action for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action. Pursuant to the contract between Corzo and Verizon, Corzo agreed to defend and indemnify Verizon against "claims" resulting from Corzo's "acts or omissions," whether such claims "arise[ ] or [are] alleged to arise" out of the sole acts or omissions of Corzo or the concurrent acts or omissions of Corzo and any indemnified parties. As Verizon correctly contends, the plaintiff's allegations in this action arose out of Corzo's acts or omissions, and the plain and unambiguous terms of the contract did not condition Corzo's obligation to indemnify Verizon for attorneys' fees and costs on a finding of fault (*see Diudone v City of New York*, 87 AD3d 608 [2011]; *Sand v City of New York*, 83 AD3d 923 [2011]; *Barnes v New York City Hous. Auth.*, 43 AD3d 842 [2007]).

In opposition, Corzo failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Although the Supreme Court concluded that Corzo did not cause or contribute to the subject accident, such a determination did not relieve Corzo of its duty to indemnify Verizon with respect to attorneys' fees and costs. Rather, Corzo's duty to indemnify Verizon for attorneys' fees and costs was triggered when claims were presented alleging that Corzo's acts or omissions were a cause of the plaintiff's injuries (*see Diudone v City of New York*, 87 AD3d 608 [2011]; *Sand v City of New York*, 83 AD3d 923 [2011]; *Barnes v New York City Hous. Auth.*, 43 AD3d 842

[2007]). Therefore, the court improperly denied that branch of Verizon's motion which was for summary judgment on its third-party cause of action for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action. For the same reasons, the court also improperly granted that branch of Corzo's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action.

To the extent Verizon raises issues regarding that branch of its motion which was for summary judgment on its third-party cause of action for breach of contract, that branch of its motion was not decided by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]).

Verizon's remaining contention is without merit. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.