In an action to recover damages for personal injuries, etc., the defendant Imperial Transport and Leasing Company, LLC, appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 29, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification asserted against the defendants Gotta Run Trucking, LLC, and Bryon A. Pollard.
Ordered that the order is reversed, on the law, with one bill of costs to the defendant Imperial Transport and Leasing Company, LLC, payable by the plaintiffs and the defendants Gotta Run Trucking, LLC, and Bryon A. Pollard, appearing separately and filing separate briefs, that branch of the motion of the defendant Imperial Transport and Leasing Company, LLC, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and that branch of the motion which was for summary judgment on the cross claim for contractual indemnification against the defendants Gotta Run Trucking, LLC, and Bryon A. Pollard is granted with respect to fees and costs incurred in the defense of this action and otherwise denied as academic.
The plaintiff Filippo Ciaravino (hereinafter the injured plaintiff) was injured while working for nonparty GCM Steel Products, Inc., when he allegedly was struck by metal decking that fell from a tractor-trailer delivery truck owned by the defendant Gotta Run Trucking, LLC (hereinafter Gotta Run), and operated by the defendant Bryon A. Pollard (hereinafter together the Gotta Run defendants). The defendant Imperial Transport and Leasing Company, LLC (hereinafter Imperial), was the transportation broker that allegedly brokered the load which fell and injured the injured plaintiff.
The injured plaintiff, and his wife suing derivatively, commenced this action against the Gotta Run defendants and Imperial, among others, to recover damages for personal injuries, alleging liability under theories of common-law negligence and the doctrine of res ipsa loquitur. Imperial asserted a cross claim, inter alia, for contractual indemnification against the Gotta Run defendants.
Imperial moved for summary judgment dismissing the *930 complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification insofar as asserted against the Gotta Run defendants. In support of its motion, Imperial submitted the deposition testimony of the agent who brokered the freight to Gotta Run, and a written agreement between Imperial, as “broker,” and Pollard, on behalf of Gotta Run, as “carrier,” which stated that Gotta Run was an independent contractor. Imperial argued that it had no involvement, beyond that of transportation broker, in the loading, transportation, and/or unloading of the shipment, and accordingly, it could not be held liable. As to its cross claim for contractual indemnification, Imperial relied on paragraph eight of the written agreement, which stated that “[c]arrier agrees to hold broker harmless from any and all claims of whatsoever name or nature arising out of the transportation equipment and transportation of cargo by carrier .... The terms of this paragraph shall include the cost and expenses of broker in defending any such claims.” The Supreme Court denied Imperial’s motion, and Imperial appeals.
Imperial established its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it by demonstrating that it did not perform the work that allegedly caused the injured plaintiff’s accident, and that it could not be held vicariously liable because the Gotta Run defendants were independent contractors over whom it exercised only incidental control (see Gabriel v Zwerin, 89 AD3d 796 [2011]; Shapiro v Robinson, 102 AD2d 822 [1984], affd 63 NY2d 896 [1984]).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs pointed to no proof in the record that Imperial exercised control over the Gotta Run defendants, and the record is devoid of any “special circumstances in which there is sufficient authority and ability to control the conduct of third persons” (Purdy v Public Adm’r of County of Westchester, 72 NY2d 1, 8 [1988]).
Furthermore, Imperial demonstrated, prima facie, that it was not negligent in hiring the Gotta Run defendants, and the plaintiffs failed to raise a triable issue of fact in response (see Shor v Touch-N-Go Farms, Inc., 89 AD3d 830 [2011]; Sandra M. v St. Luke’s Roosevelt Hosp. Ctr., 33 AD3d 875 [2006]). Moreover, contrary to the plaintiff’s contention, the doctrine of res ipsa loquitur is not applicable as to Imperial (see Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453 [2015]).
*931 Under these circumstances, the Supreme Court should have granted that branch of Imperial’s motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Since summary judgment should have been awarded to Imperial dismissing the complaint and all cross claims insofar as asserted against it, the Supreme Court should have denied, as academic, that branch of Imperial’s motion which was for summary judgment on its cross claim for contractual indemnification insofar as Imperial sought indemnification from the Gotta Run defendants with respect to any damages for which it may have been liable to the plaintiffs (see Sand v City of New York, 83 AD3d 923, 926 [2011]). In light of our determination, Imperial will not be subject to liability for any of those damages and, thus, there is no need for Imperial to recoup them from the Gotta Run defendants (see id. at 926). However, based on the plain language of the written agreement, Imperial is entitled to be indemnified for fees and costs incurred in the defense of this action. Accordingly, the court should have granted that branch of Imperial’s motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against the Gotta Run defendants with respect to fees and costs incurred in the defense of this action (see Diudone v City of New York, 87 AD3d 608 [2011]; Sand v City of New York, 83 AD3d at 926).
Hall, J.R, Hinds-Radix, Maltese and Barros, JJ., concur.