Tanksley v LCO Bldg. LLC (2021 NY Slip Op 04291)





Tanksley v LCO Bldg. LLC


2021 NY Slip Op 04291


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


220 CA 20-00268

[*1]DWAYNE D. TANKSLEY, JR., PLAINTIFF-RESPONDENT,
v
LCO BUILDING LLC, DEFENDANT-RESPONDENT, CITYVIEW CONSTRUCTION MANAGEMENT, LLC, AND S.A.B. SPECIALTIES, LLC, DEFENDANTS.

S.A.B. SPECIALTIES, LLC, THIRD-PARTY PLAINTIFF-RESPONDENT,BLAS ZUNIGA BUILDERS, LLC, THIRD-PARTY DEFENDANT-APPELLANT.






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
SMITH SOVIK KENDRICK & SUGNET, P.C., BUFFALO (BRADY J. O'MALLEY OF COUNSEL), FOR DEFENDANT-THIRD-PARTY PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 4, 2020. The order, among other things, granted the motion of defendant-third-party plaintiff for summary judgment seeking a conditional order of contractual indemnification against third-party defendant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this litigation by bringing a Labor Law and common-law negligence action against defendants LCO Building LLC (LCO) and Cityview Construction Management, LLC (Cityview), and defendant-third-party plaintiff S.A.B. Specialties, LLC (SAB), seeking to recover damages for injuries sustained by plaintiff when he fell through a skylight hole on a roof while working on a construction project. SAB subsequently commenced a third-party action against third-party defendant Blas Zuniga Builders, LLC (Blas Zuniga) for, inter alia, contractual indemnification. Thereafter, SAB moved pursuant to CPLR 3212 for summary judgment seeking a conditional order of contractual indemnification against Blas Zuniga. Blas Zuniga cross-moved pursuant to CPLR 1008 and 3212 for summary judgment dismissing plaintiff's amended complaint and all other claims against SAB. Supreme Court, inter alia, granted SAB's motion, denied that part of Blas Zuniga's cross motion seeking to dismiss LCO's cross claims against SAB, and granted those parts of the cross motion seeking to dismiss the amended complaint and remaining claims against SAB. Blas Zuniga appeals, and we affirm.
Contrary to Blas Zuniga's contention, the court did not err in granting SAB's motion. "[T]he right to contractual indemnification depends upon the specific language of the contract" (Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018] [internal quotation marks omitted]). The indemnification provision in the subcontract between Blas Zuniga and SAB provides, inter alia, that Blas Zuniga agreed to indemnify SAB against all claims "for or on account of any injury to any person . . . which may arise (or which may alleged to have risen) out [*2]of or in connection with performance of contract work" by Blas Zuniga. The agreement does not condition the indemnification of SAB upon a finding that Blas Zuniga was negligent or at fault (see generally Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]). It is undisputed that Blas Zuniga was subcontracted to perform the framing of the skylights and roof and that, the day before the accident, Blas Zuniga placed pieces of plywood over the skylight holes that it cut out on the roof of the building. Consequently, we conclude that SAB established as a matter of law that plaintiff's accident arose out of or in connection with the performance of Blas Zuniga's work (see Allington, 167 AD3d at 1441; Cuellar v City of New York, 139 AD3d 996, 998 [2d Dept 2016]; Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463 [1st Dept 2014]; Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]).
Contrary to Blas Zuniga's further contention, although the subcontract was executed after plaintiff's accident, the parties did intend that the indemnification provision in the subcontract apply retroactively (see Nephew v Klewin Bldg. Co., 21 AD3d 1419, 1421-1422 [4th Dept 2005]; Elescano v Eighth-19th Co., LLC, 13 AD3d 80, 81 [1st Dept 2004]; Stabile v Viener, 291 AD2d 395, 396 [2d Dept 2002], lv dismissed 98 NY2d 727 [2002]). "An indemnification agreement that is executed after a plaintiff's accident . . . may only be applied retroactively where it is established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of that prior date" (Guthorn v Village of Saranac Lake, 169 AD3d 1298, 1300 [3d Dept 2019]). Here, on October 21, 2015, representatives of SAB and Blas Zuniga spoke about the subject project and reached an oral agreement. The subcontract that memorialized the oral agreement, and that contained the indemnification provision at issue here, is dated October 23, 2015, which was one day prior to plaintiff's accident. Jaime Zuniga (Zuniga), president of Blas Zuniga, signed the subcontract on October 30, 2015. Zuniga testified at his deposition that, at the time that the work began, he understood that Blas Zuniga would be working under the terms set forth in the indemnification provisions of the subcontract, even though he had not yet signed that subcontract, and he understood that he would sign the subcontract at a later date. Zuniga also testified that it was Blas Zuniga's custom and practice with SAB to enter into subcontract agreements every time they worked together. Zuniga testified that Blas Zuniga had executed approximately 10 prior contracts with SAB, and that each of those prior contracts included the same provisions as the subcontract at issue in this appeal. Thus, the record establishes that, prior to the accident, SAB and Blas Zuniga reached an agreement that included the indemnification provision, and they intended that their agreement "apply as of that prior date" (id.).
Blas Zuniga further contends that the court erred in denying that part of its cross motion seeking summary judgment dismissing LCO's cross claims against SAB. Blas Zuniga, however, failed to include in the record on appeal LCO's submissions in opposition to the cross motion. Inasmuch as it was Blas Zuniga's responsibility, as the appellant, to assemble an adequate record on appeal, and it has failed to do so with respect to this issue, we cannot review the propriety of the court's determination with respect to LCO's cross claims against SAB (see Matter of Unczur v Welch, 159 AD3d 1405, 1405 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Matter of Christopher D.S. [Richard E.S.], 136 AD3d 1285, 1286 [4th Dept 2016]). In reaching that conclusion, we have not considered Blas Zuniga's belated postargument submissions (see generally Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1495-1496 [4th Dept 2018]).
Blas Zuniga also contends that SAB is not entitled to be indemnified for any liabilities that SAB accepted pursuant to its contract with LCO. That contention was raised in the motion court for the first time in Blas Zuniga's reply papers and is therefore not properly before us (see generally Jacobson v Leemilts Petroleum, Inc., 101 AD3d 1599, 1600 [4th Dept 2012]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court