Contreras v Mall 1-Bay Plaza, LLC (2023 NY Slip Op 01047)

Contreras v Mall 1-Bay Plaza, LLC

2023 NY Slip Op 01047

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 34407/20E Appeal No. 17398 Case No. 2022-03032 

[*1]Julio Contreras, Plaintiff,
v
Mall 1-Bay Plaza, LLC, Defendant-Appellant, Prestige Properties & Development Co., Inc., Defendant.
Mall 1-Bay Plaza, LLC, Third-Party Plaintiff-Appellant,
v
Electrical Illuminations by Arnold Inc., Third-Party Defendant-Respondent.

Kennedys CMK LLP, New York (Michael Schneider of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered January 20, 2022, which granted third-party defendant's motion to dismiss the third-party complaint, unanimously affirmed, without costs.
Third-party plaintiff's (Mall 1-Bay) claims for contribution and indemnification against third-party defendant (Electrical), plaintiff's employer, were barred by Workers' Compensation Law § 11, as it was not alleged that plaintiff sustained a "grave injury," and there was no written contract entered into prior to the accident by which Electrical expressly agreed to contribution or indemnification (see Workers' Compensation Law § 11; Tavarez v LIC Dev. Owner, L.P., 205 AD3d 565, 567 [1st Dept 2022]). The parties' written indemnification agreement was executed after plaintiff's accident, and there is nothing in its terms to suggest that it was intended to have a retroactive effect (see Elescano v Eighth-19th Co., LLC, 13 AD3d 80, 81 [1st Dept 2004]; Burke v Fisher Sixth Ave. Co., 287 AD2d 410, 410 [1st Dept 2001]). Mall 1-Bay's allegations that Electrical had agreed to and accepted the indemnification terms prior to the accident were conclusory, without a factual basis, and thus insufficient to survive a motion to dismiss (see DRMAK Realty LLC v Progressive Credit Union, 133 AD3d 401, 404 [1st Dept 2015]). The evidence of the parties' prior course of dealings and course of conduct on this project were insufficient to raise an issue of fact as to whether Electrical assented to the indemnification obligations as of the commencement of work on this project (cf. Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369-370 [2005]; Mendez v Bank of Am., N.A., 181 AD3d 419, 420 [1st Dept 2020]).
Because the agreement did not apply retroactively, Mall 1-Bay's remaining claim for breach of contract for failure to procure insurance was also correctly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023