Freas v John W. Danforth Co. (2025 NY Slip Op 01487)

Freas v John W. Danforth Co.

2025 NY Slip Op 01487

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

134 CA 23-01921

[*1]CHRISTOPHER M. FREAS, ET AL., PLAINTIFFS,
v
JOHN W. DANFORTH COMPANY, ET AL., DEFENDANTS.  JOHN W. DANFORTH COMPANY, THIRD-PARTY PLAINTIFF-RESPONDENT, 
 ROCHESTER DAVIS-FETCH CORP., THIRD-PARTY DEFENDANT-APPELLANT. 

THE LAW OFFICES OF GERARD E. O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
LIPPES MATHIAS LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), entered November 14, 2023. The order granted the motion of defendant-third-party plaintiff for partial summary judgment and denied the cross-motion of third-party defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries Christopher M. Freas (plaintiff) sustained when he slipped and fell at a construction site on September 2, 2016. Defendant-third-party plaintiff, John W. Danforth Company (Danforth), was the general contractor on the construction project and hired as a subcontractor third-party defendant, Rochester Davis-Fetch Corp. (Davis-Fetch), who was plaintiff's employer. After plaintiffs commenced this action against Danforth, among others, Danforth commenced a third-party action against Davis-Fetch, stating causes of action for contractual indemnification and failure to procure insurance. Danforth moved for partial summary judgment against Davis-Fetch, seeking an order of contractual indemnification. Davis-Fetch cross-moved for summary judgment dismissing the third-party complaint. Supreme Court granted the motion and denied the cross-motion, and Davis-Fetch now appeals.
Davis-Fetch contends that the court erred in granting Danforth's motion and in denying its cross-motion because there was no agreement prior to plaintiff's accident for Davis-Fetch to indemnify Danforth or to procure insurance for Danforth's benefit. We agree with Davis-Fetch that the court erred in granting Danforth's motion, and we therefore modify the order by denying the motion, but we reject Davis-Fetch's contention with respect to its cross-motion.
The subcontract included both an indemnification provision and a provision requiring Davis-Fetch to procure insurance coverage and add Danforth as an additional insured. The subcontract was dated July 19, 2016, but it was not signed by Davis-Fetch and Danforth until September 13, 2016, and September 21, 2016, respectively. "An indemnification agreement that is executed after a plaintiff's accident . . . may only be applied retroactively where it is [*2]established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of that prior date" (Carpentieri v 1438 S. Park Ave. Co., LLC, 215 AD3d 1236, 1238 [4th Dept 2023] [internal quotation marks omitted]; see Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1039 [4th Dept 2021]; Lorica v Krug, 195 AD3d 1194, 1195 [3d Dept 2021]). Here, the subcontract was made as of a date prior to the accident, but there is a triable issue of fact whether the parties intended the indemnification provision of the subcontract to apply retroactively (see Carpentieri, 215 AD3d at 1238; Guthorn v Village of Saranac Lake, 169 AD3d 1298, 1300-1301 [3d Dept 2019]). Two of Davis-Fetch's executives averred that, prior to signing the subcontract, there was no discussion between Danforth's representatives and Davis-Fetch's representatives concerning the terms of the subcontract, including any indemnification provision. There was evidence, however, that the parties had worked together before on a project that included a subcontract with an indemnification provision, and that subcontract, like the one at issue here, was also signed after its effective date (see Tanksley, 196 AD3d at 1039). On this record, we conclude that neither party is entitled to summary judgment on the contractual indemnification claim (see Zalewski v MH Residential 1, LLC, 163 AD3d 900, 902 [2d Dept 2018]). For the same reasons, Davis-Fetch is not entitled to summary judgment dismissing the second cause of action, for failure to procure insurance (see Contreras v Mall 1-Bay Plaza, LLC, 213 AD3d 601, 601 [1st Dept 2023]; Regno v City of New York, 88 AD3d 610, 610 [1st Dept 2011]).
In light of our determination, there is no need to address Davis-Fetch's remaining contention.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court