Hidalgo v David Contr. NY, Inc.

2026 NY Slip Op 02251

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Quiteria Orellana Hidalgo, appellant,

v

David Contractor NY, Inc., et al., defendants, DHC Contracting, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-00835, (Index No. 706686/20)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.

Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson, Christopher Moore, and Monica Romero of counsel), for respondent DHC Contracting, Inc.

Capehart & Scatchard, P.A., New York, NY (Alyson L. Knipe of counsel), for respondent QMB Plumbing & Heating, Inc.

[*1]

DECISION & ORDER

In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 3, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant DHC Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendant QMB Plumbing & Heating, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.

In April 2019, the plaintiff allegedly tripped and fell over a hose that was on a sidewalk abutting the premises known as 50-34 69th Street, Queens. At that time, there was ongoing construction at the premises. The defendant DHC Contracting, Inc. (hereinafter DHC), was one of the general contractors for the construction project, and the defendant QMB Plumbing & Heating, Inc. (hereinafter QMB), performed plumbing work on the premises.

The plaintiff commenced separate actions to recover damages for personal injuries, which were later consolidated. Among other things, the plaintiff alleged that DHC and QMB were negligent in creating a tripping hazard on the sidewalk.

Thereafter, QMB moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. DHC moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered November 3, 2023, the Supreme Court, inter alia, granted that branch of QMB's motion which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of DHC's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.

"'Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property'" (Jeffrey v City of New York, 194 AD3d 701, 702, quoting Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601; see Robles v City of New York, 235 AD3d 674, 675). "In the absence of ownership, occupancy, control, or special use, a party generally 'cannot be held liable for injuries caused by the dangerous or defective condition of the property'" (Bartlett v City of New York, 169 AD3d 629, 630, quoting Ruffino v New York City Tr. Auth., 55 AD3d 819, 820; see Orellana v Cannon, 227 AD3d 1013, 1013). "A contractor may be held liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Pizzolorusso v Metro Mech., LLC, 205 AD3d 748, 750 [brackets and internal quotation marks omitted]; see Hayes v DeMicco Bros., Inc., 34 AD3d 641, 642).

In support of its motion, QMB established, prima facie, that it did not cause or create the allegedly dangerous condition that caused the plaintiff's injuries. Although the deposition testimony that QMB submitted in support of its motion contained some inconsistencies as to the scope of QMB's work on the premises, QMB nevertheless established that it did not own the subject hose or place the subject hose on the sidewalk (see Garafola-Booth v City of New York, 164 AD3d 473, 473; Schwartz v Orange & Rockland Utils., Inc., 93 AD3d 776, 777; Baker v Punancy, 37 AD3d 504, 505; Tsviling v City of New York, 275 AD2d 367, 368). In opposition, the plaintiff failed to raise a triable issue of fact (see Coughlin v Bartnick, 293 AD2d 509, 510).

Similarly, DHC established, prima facie, that it did not cause or create the allegedly dangerous condition that caused the plaintiff's injuries. DHC submitted, among other things, a work permit issued to it for the construction project, which established that DHC did not begin work at the premises until after the date of the accident (see Lewis v City of New York, 82 AD3d 1054, 1055). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of QMB's motion which was for summary judgment dismissing the complaint insofar as asserted against it and properly granted that branch of DHC's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, we need not reach QMB's remaining contention.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court