Mock v New York Athletic Club of City of New York

2026 NY Slip Op 02500

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

ANTHONY M. MOCK, PLAINTIFF,

v

NEW YORK ATHLETIC CLUB OF CITY OF NEW YORK, DEFENDANT-APPELLANT, AND NEXT LEVEL CONSTRUCTION & MAINTENANCE, INC., DEFENDANT. ----------------------------------------------------- NEW YORK ATHLETIC CLUB OF CITY OF NEW YORK, THIRD-PARTY PLAINTIFF-APPELLANT,
NEXT LEVEL CONSTRUCTION & MAINTENANCE, INC., AND ANDERSON COURTS AND SPORTS SURFACES, INC., THIRD-PARTY DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

74 CA 25-00248

Present: Curran, J.P., Bannister, Smith, Ogden, And Delconte, JJ.

GOLDBERG SEGALLA LLP, BUFFALO, MAURO LILLING NAPARTY LLP, WOODBURY (GLENN A. KAMINSKA OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.

SMITH MAZURE, P.C., NEW YORK CITY (LOUISE M. CHERKIS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT NEXT LEVEL CONSTRUCTION & MAINTENANCE, INC.

RICHARD S. POVEROMO, BUFFALO, FOR THIRD-PARTY DEFENDANT-RESPONDENT ANDERSON COURTS AND SPORTS SURFACES, INC.

Appeal from an order of the Supreme Court, Erie County (Amy C. Martoche, J.), entered January 14, 2025. The order, inter alia, granted the cross-motion of third-party defendant Anderson Courts and Sports Surfaces, Inc. for summary judgment dismissing the amended third-party complaint against it.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a scaffold at defendant-third-party plaintiff New York Athletic Club of City of New York (NYAC). NYAC appeals from an order that, inter alia, granted the motion of defendant-third-party defendant Next Level Construction & Maintenance, Inc. (Next Level) insofar as it sought summary judgment dismissing NYAC's cross-claim against it for contractual indemnification, granted the cross-motion of third-party defendant Anderson Courts and Sports Surfaces, Inc. (Anderson) insofar as it sought summary judgment dismissing the amended third-party complaint against it, and denied NYAC's motion for summary judgment on its contractual indemnification cause of action against Anderson. We affirm.

Initially, we conclude that Supreme Court properly granted Next Level's motion insofar as it sought summary judgment dismissing NYAC's contractual indemnification cross-claim against it. "[I]t is elementary that the right to contractual indemnification depends upon the specific language of the contract" (Gillmore v Duke/Fluor Daniel, 221 AD2d 938, 939 [4th Dept [*2]1995]; see Miller v Rerob, LLC, 197 AD3d 979, 981 [4th Dept 2021]). Thus, "[t]he language of an indemnity provision should be construed so as to encompass only that . . . which reasonably appear[s] to have been within the intent of the parties" (Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 453 [4th Dept 1985], affd 65 NY2d 1038 [1985]). Here, the indemnification agreement between NYAC and Next Level, by its terms, pertained to "claims . . . actually or allegedly arising out of or relating to [Next Level's] work or the work of any subcontractor retained by [Next Level]." Next Level established on its motion that Anderson, plaintiff's employer, did not work for Next Level, and that plaintiff's injuries did not arise out of and were not related to Next Level's work (cf. Olivieri v Barnes & Noble, Inc., 208 AD3d 1001, 1005 [4th Dept 2022]; see generally Orellana v 5541-1274 Fifth Ave. Manhattan LLC, 234 AD3d 527, 528 [1st Dept 2025]). In opposition, NYAC failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Contrary to NYAC's further contentions, we conclude that the court properly granted Anderson's cross-motion insofar as it sought summary judgment dismissing NYAC's contractual indemnification and breach of contract causes of action against it. There is no dispute that the indemnification agreement between NYAC and Anderson was executed after plaintiff's accident. "An indemnification agreement that is executed after a plaintiff's accident . . . may only be applied retroactively where it is established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of that prior date" (Freas v John W. Danforth Co., 236 AD3d 1371, 1372 [4th Dept 2025] [internal quotation marks omitted]; see Carpentieri v 1438 S. Park Ave. Co., LLC, 215 AD3d 1236, 1238 [4th Dept 2023]; Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1039 [4th Dept 2021]). With respect to the contractual indemnification cause of action, Anderson met its initial burden on its cross-motion by establishing that it did not sign the agreement before the accident (see generally Tanksley, 196 AD3d at 1039), and that the agreement was not made "as of" a date prior to the accident (Manns v Norstar Bldg. Corp., 4 AD3d 799, 800 [4th Dept 2004]), thus establishing that the agreement was not intended to be applied retroactively. In opposition, NYAC failed to raise a triable issue of fact. Indeed, NYAC submitted no evidence that Anderson and NYAC made the agreement as of a prior date, or that "the parties intended the agreement to apply as of [a] prior date" (Freas, 236 AD3d at 1372 [emphasis added & internal quotation marks omitted]; see Meabon v Town of Poland, 108 AD3d 1183, 1185 [4th Dept 2013]). For the same reasons, the court properly determined that Anderson is entitled to summary judgment dismissing NYAC's cause of action for breach of contract for failure to procure insurance (see Contreras v Mall 1-Bay Plaza, LLC, 213 AD3d 601, 601 [1st Dept 2023]; cf. Freas, 236 AD3d at 1373).

Finally, we have considered NYAC's remaining contentions and conclude that they do not warrant reversal or modification of the order.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court